[No. 8825. Department Two. August 5, 1910.]

J. L. PRICKETT, *Appellant*, v. ORLANDO L. SLOGGY *et al.*, *Respondents*.[1]

PARTNERSHIP—EVIDENCE OF RELATION—SUFFICIENCY. The evidence shows that a partnership relation existed in a saloon business, although the oral evidence is conflicting, where the more convincing part of the testimony is composed of matters of record and bookkeeping, and it appears that plaintiff, who claimed to be a silent partner, advanced $2,229 to buy the business, there was never any understanding as to the rate of interest, and he was paid from time to time dividends out of the net profit, to the amount of $2,100 in two years, each of three parties taking a one-third part; the amounts repaid being inconsistent with the theory of interest on a loan.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered December 22, 1909, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action for the dissolution of a partnership, and for an accounting. Reversed.

*R. L. Edmiston*, for appellant.

*Wakefield & Witherspoon*, for respondents.

[1]Reported in 110 Pac. 11.

31—59 WASH.

PER CURIAM.—According to the statements of the com-
plaint in this action, about June 1, 1903, J. L. Prickett, the
plaintiff herein, and Edward L. Pike, one of the defendants,
made and entered into an oral agreement of partnership, for
the purpose of acquiring, building up, and conducting, as
equal partners, a saloon business in the city of Spokane, under
the terms of which partnership agreement Prickett was to
furnish said partnership the necessary money to buy appro-
priate fixtures, stock, etc., and they were to share alike the
profits of the business. Afterwards, upon the suggestion of
Pike, one Sloggy was admitted to the partnership, and it
was agreed that Sloggy and Pike were to have $125 a month
for their services. Prickett did not wish to be known in the
transaction, but was a silent partner. This statement is
vigorously denied by the defendants, they claiming that they
simply borrowed the money of Prickett to enter into this
saloon business, that he had no interest in it whatever, and
was attempting to impose himself upon them wrongfully as
a partner. The complaint is long, but what we have stated
is sufficient to make clear the character of the case. The
complaint prayed for a dissolution and an accounting. The
court below confined the trial to the single issue of the part-
nership, and at the conclusion of the trial of this issue
rendered judgment for defendants, holding the evidence in-
sufficient to prove a partnership. A bill of sale figured in
the transaction, which the court ordered turned over to
Sloggy and Pike. The plaintiff's case was dismissed with
costs.

This court always regretfully reverses the judgment of
the trial court on questions of fact, because it stands con-
fessed that the trial court, hearing the witnesses and notic-
ing their demeanor on the stand, and being in the atmosphere·
of the trial, is better calculated to judge of the facts than
the appellate court. But notwithstanding this, after an ex-
amination of this record, we are constrained to hold that the·
court erred in its findings of fact. Much of the testimony,.

and the more convincing part of it, is composed of matters of record and of bookkeeping, which the appellate court can as well judge of as could the trial court. It would serve no good purpose to enter into a lengthy analysis of the oral testimony, for it is conflicting to the highest degree, the testimony of plaintiff being to the effect that there was a tacit understanding that he was to be a silent partner in the concern, and the testimony of the defendants being exactly the opposite.

It is conceded by all the parties that, in June, 1903, when this business was initiated, the plaintiff advanced, for the purpose of buying the business, $2,229.25. It is further conceded that, by December, 1907, this money had been paid back to Prickett. It is further conceded that there was never any understanding in relation to the interest that should be paid to the plaintiff for the use of this money, and that during the next two years he had received from the profits of the saloon something like $2,100. The first dividend after the payment of the initial money was $450, which was from the net receipts of the business; and the same was paid by checks of $150 each issued to Prickett, Sloggy, and Pike. In February another dividend of $750 was declared, each of the parties above mentioned receiving a check for $250, which checks were recorded as dividends. In April, 1906, a further dividend of $900 was paid from the net profits, a check for $300 being issued to each of the three men interested. In May a further dividend of $600 was issued in like manner. In October a further dividend of $600 was paid from the net profits by checks, each man, viz., Prickett, Sloggy, and Pike, receiving one-third of the amount by checks marked "Dividends." In November, 1906, a further dividend of $450 was paid in the same manner, $150 being issued in like character of checks to each of the said parties. In April, 1907, a further dividend of $600 was paid, by the issuing of checks for $200 to each of said parties. In May, 1907, a further dividend of $450 was paid

from the net profits of such business by checks, $150 being
issued to each party. Further on during the summer a fur-
ther dividend of $—— was paid in the same manner, and in
October, 1907, a further dividend of $900 was paid by check,
in the same manner, and marked in the same way. It ap-
pears that no further dividends or payments of profits from
such business have been made to the plaintiff.

It is true that the contract in this case was very indefinite
and very unbusinesslike, and had there been no subsequent
transactions tending to establish a partnership, it would be
doubtful if the testimony was sufficient to establish it. But
the action of the parties after the initial money was paid, in
paying these considerable amounts of money in equal shares
to each of the three parties interested, for so long a time, is
inconsistent with the theory that the money was borrowed,
and that interest alone was to be paid for it. The very fact
that $2,100 was paid for the use of $2,229 for a period of
two years, is an indication that it never was intended that
this money was paid for interest. In fact, it was not interest
on $2,229 for two years, because the payments of this $2,229
commenced shortly after the purchase of the business. Mr.
Porter, a witness who examined the books of the concern
when there was an attempt at an adjustment of the mis-
understanding, testified as follows:

"My recollection now is that there was several times that
it was necessary for me to ask Mr. Pike, who was the one
person at the time that did this work, as to the significance
or meaning of certain checks that I was handling, and at one
of such times I inquired what this was—this dividend—the
meaning of this word 'dividend,' in conjunction with the
checks and the bookkeeping. Q. State what he told you the
meaning of it was. A. That it was a division of the profits
of the business between Mr. Sloggy and Mr. Prickett and
himself, as the check evidenced. I might add that the checks
ran in groups of three of equal amounts at that time."

This was a disinterested witness, and this bookkeeping had
principally been done by Mr. Pike.

From the whole record in the case we are convinced that

there was a partnership interest of one-third resting in Prickett, and therefore the judgment will have to be reversed, and the case remanded with instructions to try the case on the theory that a partnership existed, and make such disposition of it as the law and the facts will warrant.