[No. 9789. Department One. May 8, 1912.]

## W. A. McDONALD, *Appellant*, v. JOHN W. EDGCOMB, *Respondent*.[1]

PARTNERSHIP—EVIDENCE. The evidence is insufficient to establish the existence of a general partnership between two persons who had for a dozen years been engaged in several joint adventures, where it appears that they were promoters and speculators, not conducting a general business, that each engaged in private enterprises of the same nature at the same time; nor to establish a particular partnership, where, upon an issue as to whether $3,000 advanced by one in a particular matter was for a half interest or as a loan, the testimony was conflicting, and it appeared that the money was, within a short time, repaid with interest, and the sum was grossly out of proportion to the value of the interest.

[1]Reported in 123 Pac. 525.

Appeal from a judgment of the superior court for King county, Neal, J., entered March 7, 1911, dismissing an action for the dissolution of a partnership and for an accounting, after a trial on the merits to the court. Affirmed.

*Reed & Hardman* and *Hughes, McMicken, Dovell & Ramsey*, for appellant.

*Wm. C. Keith* and *Tucker & Hyland*, for respondent.

PER CURIAM.—The appellant, plaintiff below, brought this action against the respondent for an accounting. In the complaint he alleged that, for more than twelve years last past, the respondent and himself had associated together as partners, and that a partnership existed between them to deal in certain mining properties located in British Columbia, in the vicinity of Portland Canal; that he contributed the sum of $3,000 in cash to the enterprise, and the respondent contributed thereto certain options which he had theretofore obtained upon properties in that locality; that the respondent subsequently sold a part of such options for large sums of money, a part of which had already been paid to him, and had transferred others to corporations receiving therefor large blocks of stock, which he now held; that he had under his control money and stock belonging to the partnership, and in addition thereto held in his own name options upon other valuable mining properties belonging to the partnership; that the respondent neglects and refuses to account to the appellant for any of the money received in such sales or for the stock issued to him, and refuses to permit the appellant to examine the books of the partnership, or to participate in the management of the affairs of the partnership; that the respondent has collected and appropriated to his own use over $50,000, belonging to the partnership and is wasting and squandering the same. The prayer of the complaint was for a dissolution of the partnership, an accounting, and that the respondent be awarded his

interest in the partnership in his own separate right. The answer was in effect a general denial of each and every allegation in the complaint. On the issues thus made, a trial was had, at the conclusion of which a judgment of dismissal was entered, no findings of fact or conclusions of law being made or entered.

The evidence, as we view the record, fails to substantiate the allegation that a general partnership existed between the respondent and the appellant. It was shown that, within the last dozen years, the parties had engaged in three or four joint adventures, which had proven profitable to each of them, and perhaps a few others that were not profitable, but it fails to show that they were in any sense general partners. Indeed, so far from all of their enterprises being joint, it is shown that while their joint adventures were going on each of them engaged in private enterprises of his own of the same nature, in which the other did not share. Moreover, the parties do not pretend to conduct a general business. They are promoters and speculators; their business is to locate valuable property in the hands of individuals who do not know its value or cannot for some reason realize upon it, buy it and exploit it and sell it at an enhanced price. The property which is the particular subject of this action was discovered by the respondent. He had procured options thereon, formed a corporation, conveyed the options to it, and expended in so doing large sums of money before the property was called to the attention of the appellant. There is therefore no foundation for the claim that the appellant has an interest in the property by reason of a general partnership relation with the respondent. His interests, if he has any, arise out of the transactions relating to the particular case.

With reference to the particular property, it is agreed that the appellant did actually advance to the respondent the sum of three thousand dollars which was used in the promotion of the enterprise; the question between the parties

being whether the money was advanced as a temporary loan, or as a payment for an undivided half interest in the respondent's holdings therein. The appellant contends that the sum was paid as the purchase price of a half interest in the respondent's holdings, while the respondent insists that it was advanced as a temporary loan. Each of the parties was able to bring much evidence in support of his theory, and it is not easy to determine in whose favor the evidence preponderates. But we have concluded to follow the judgment of the trial court, and hold that the advancement was intended as a temporary loan rather than as a payment for an interest in the property. We adopt this conclusion the more readily when we consider that the money was repaid with interest after a short time, and that the sum advanced was grossly out of proportion to the interest it is thought to have purchased. It would serve no useful purpose to enter upon a review of the testimony, and we conclude the inquiry without further reference to the facts.

The appellant introduced a number of witnesses who testified to declarations made by the respondent to the effect that the appellant had an interest in the enterprise, and would share with the respondent in any sum he might make out of the same. Some of these statements were not denied by the respondent; that is, were not specifically contradicted by him. The appellant argues therefrom that these statements should be accepted as the truth, as the courts are not at liberty to disregard uncontradicted or unimpeached testimony. It is perhaps a general rule that, when a disinterested witness, who is in no way discredited, testifies to a fact within his knowledge which is not of itself improbable or in conflict with other evidence, the fact is to be taken as legally established, and cannot be disregarded by a court or jury. But the rule is inapplicable to the facts shown here; at least, it does not require a contrary judgment from that entered by the trial court. It can be true that the statements attributed to the respondent were made by him, and still the

fact be otherwise; and taking the evidence as a whole, we are not satisfied that it preponderates in favor of the appellant.

The judgment is affirmed.