[No. 17824.   Department One.   March 9, 1923.]

THE STATE OF WASHINGTON, *on the Relation of Marie V. Daigneault, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *King Dykeman, Judge, Defendant.*[1]

CERTIORARI (6)—WHEN LIES—ADEQUACY OF REMEDY BY APPEAL— ORDER DENYING APPOINTMENT OF EXECUTOR.   The remedy by appeal is inadequate, and certiorari lies, to review the denial of a widow's petition for her appointment as administratrix with the will annexed under Rem. Comp. Stat., § 1419, entitling her thereto notwithstanding any appointment in the will; in view of Id., § 1477, providing that such estates may be finally settled upon giving six months' notice to creditors.

Application filed in the supreme court January 31, 1923, for a writ of certiorari to review an order of the superior court for King county, Dykeman, J., denying

[1] Reported in 213 Pac. 677.

relator's application for appointment as administratrix of an estate.   Granted.

*Tucker & Hyland* and *Battle, Hulbert, Gates & Helsell,* for relator.

BRIDGES, J.—On December 31, 1922, H. H. Daigneault died a resident of King county, Washington, leaving a will which appointed one C. W. Robinson as executor.   On January 2, 1923, the will was probated and Mr. Robinson appointed executor.   On January 15, 1923, Marie V. Daigneault petitioned the court to set aside the appointment of Mr. Robinson as executor and appoint her administratrix with the will annexed. After a hearing, the lower court denied the application and Mrs. Daigneault has made application to this court for a writ of certiorari.   The petition for the writ shows that the petitioner is the widow of the deceased, is a resident of the state of Washington, and is otherwise a competent and suitable person to receive the appointment which she seeks.   The petition also shows that all of the property to be administered is the community property of herself and her deceased husband, and that she has no speedy or adequate remedy by appeal.   The defendant urges that the writ should not be issued because there is a plain, speedy and adequate remedy by appeal, and also because the pleadings show that the respondent is not a resident of the state of Washington.

On the latter question, suffice it to say that, for the purpose of the question involved here, it is amply shown that the plaintiff is such resident.

While, unquestionably, there is a remedy by appeal, yet we have always recognized that where such remedy is inadequate a writ of review will issue.   *State ex rel. Silver Basin Min. Co. v. Superior Court,* 110 Wash. 559, 188 Pac. 384, and authorities there cited.

Section 1419, Rem. Comp. Stat., provides as follows:

"A surviving spouse shall be entitled to administer upon the community property notwithstanding any provisions of the will to the contrary, if the court find such spouse to be otherwise qualified; but if such surviving spouse do not make application for such appointment within forty days immediately following the death of the deceased spouse he, or she shall be considered as having waived his or her right to administer upon such community property."

It is provided by the probate law that six months' notice shall be given to creditors and that estates may at once thereafter be finally settled. Laws of 1917, p. 107 (Rem. Comp. Stat., § 1477). It is manifest that, before the matter can be here heard and determined on appeal, the estate of the deceased may be largely or even entirely settled, and thus the plaintiff be deprived of any right to administer. Under such circumstances, we consider that an appeal is not an adequate remedy and that certiorari lies.

Let the writ be issued.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.