[No. 19350. *En Banc.* June 29, 1925.]

THE STATE OF WASHINGTON, *on the Relation of Gwen Vaughn, Petitioner,* v. THE SUPERIOR COURT FOR WALLA WALLA COUNTY, *Edward C. Mills, Judge, Respondent.*[1]

CERTIORARI (6)—WHEN LIES—ADEQUACY OF REMEDY BY APPEAL—ORDER DENYING APPOINTMENT OF ADMINISTRATOR. A writ of certiorari will not issue to review the denial of the surviving wife's petition for letters of administration, on the ground of inadequacy of the remedy by appeal, where such wife contested the probate of her husband's will, without asserting any community interest in the estate of the decedent, and took an appeal to the supreme court from an order admitting the will to probate, in which contest testimony as to the nature of the estate was admitted only for the purpose of showing a delusion of the testator in declaring all his property to be his separate estate; the wife apparently having waived, for the time being, her filed application to be appointed administratrix of the estate.

Application filed in the supreme court May 4, 1925, for a writ of certiorari to review an order of the superior court for Walla Walla county, Mills, J., denying relator's application for appointment as administratrix of an estate. Denied.

[1]Reported in 237 Pac. 301.

*Charles W. Johnson* and *Evans & Watson,* for relator.

*Rader & Bean,* for respondent.

HOLCOMB, J.—This case is before us on an original application for a writ of certiorari to review a decision of the lower court denying the right to administer upon the estate of David Vaughn, deceased.

Vaughn died in Walla Walla county on December 8, 1924. On December 30, 1924, a petition was filed on behalf of H. H. Marshall for the probate of the purported will of the decedent, which will was annexed to the petition as an exhibit, wherein the petitioner was named as executor thereof, to serve without bond, and without the intervention of the court. On the same day, and within the forty days provided by § 1419, Rem. Comp. Stat. [P. C. § 9935], this petitioner filed her petition in the lower court, referring to the purported will which had been executed by decedent, and alleging that it was void and of no effect because of mental incapacity, undue influence, and fraudulent representations inducing him to make the instrument. It was also alleged in the petition of Mrs. Vaughn that she was the surviving spouse of decedent; that she resided in Walla Walla county, Washington, and was in all respects competent and qualified to serve as administratrix of the estate of decedent. Her petition prayed that the document purporting to be the last will and testament of decedent be rejected; that a hearing be granted on her petition, and she be appointed administratrix of the estate of decedent, consisting of real and personal property in Walla Walla county.

The trial court makes return that, on February 18, 1925, the issues raised by the two petitions came on before it for trial, and a large number of witnesses were examined, and a large amount of testimony

offered during the trial, which lasted four days. At the conclusion of the trial, written briefs were submitted to the trial court by counsel for the respective parties. On April 11, 1925, the court filed its written memorandum of opinion upon the contest raised, which is incorporated in the return. On April 14, 1925, the trial court entered an order admitting the will to probate, which order is also incorporated in the return. On May 4, 1925, Mrs. Vaughn filed her notice of appeal from that order and judgment, and on May 5, 1925, filed her appeal bond.

The trial court also makes return that, during the entire trial of the case below, it was treated as a contest of the instrument offered for probate as the last will and testament of decedent. The only issues of law or fact submitted during the trial to the court or argued before it were questions as to the proper execution of the alleged will by decedent, and whether the instrument was void and of no effect because of mental incapacity of decedent, and because the same was executed under restraint, undue influence, or fraudulent representations. The return states, however, that near the close of the trial, there was offered in evidence on behalf of Mrs. Vaughn a large number of exhibits, and that in connection therewith certain remarks, questions, answers and rulings were made as shown by an exhibit marked "M" and made a part of the return, which is a part of the stenographer's notes of the trial; and except as shown by Exhibit "M" no suggestion, either oral or written, was made to the court of the desire or right of Mrs. Vaughn to be appointed administratrix at all, except in the event probate was denied of the purported will of decedent; that the first intimation the trial court ever had that relator desired or claimed to have the right to be appointed administratrix of the community property of herself and the

deceased was when notified by the clerk of his court
that a petition had been filed by Mrs. Vaughn for a writ
of certiorari, and a show cause order issued thereon.

Exhibit "M," referred to by the trial court in his
return, contains a transcript of an offer made by one
of the attorneys of exhibits numbered 2 to 72, inclu-
sive, together with a request by the attorney that he
would like the court reporter at some leisure time to
go through the documents and list them by date, de-
scription of property and nature of instrument. At
that point one of the attorneys for the proponent of
the will asked:

"Mr. Rader: Is it your claim that all of the prop-
erty that is described in these seventy exhibits is still
owned by Mr. Vaughn? Mr. Johnson: No. Some of
it may have been disposed of, but we haven't been able
to check it. As far as I know it is still owned. There
may be some pieces in there that have been disposed
of. Mr. Rader: What is the purpose of offering it?
Mr. Johnson: To fix the date at which time the dif-
ferent properties were acquired, and then generally to
show what property the estate had. Mr. Rader: Is it
for the purpose of showing that part of the property
is community property and part of it is separate prop-
erty? Mr. Johnson: That is one of the objects. Mr.
Rader: What is the other object? Mr. Johnson: The
other object is to offer them for whatever purpose they
may become material during the development of this
case."

Mr. Rader then objected to the acceptance of the
documents in evidence for the purpose of establishing
what was community property, for the reason that the
contest was not based at all upon any question of prop-
erty rights, the contest or objections to the admission
of the will to probate as set up in the petition of the
objectors being based upon entirely different grounds,
and the petitioner was not asking to be appointed ad-
ministratrix of the community property at all; that

they had no right to broaden the nature of the petition
at that time; that they were not prepared to go into
that matter, and it was not properly brought up.

The court ruled that the documents should be ad-
mitted in evidence and considered only so far as they
had bearing upon the testamentary capacity of dece-
dent. Mr. Johnson then said: ''I just call the court's
attention to one fact in addition to the fact that they
may bear upon the delusions and his testamentary
capacity, and that is, that there is a petition here for
the appointment of an administratrix.''

Respondent demurred to the petition filed herein for
the reason that the same failed to state facts sufficient
to justify this court in issuing any show cause or other
order herein; and moved the court to quash the show
cause order issued and dismiss relator's petition, for
the reason that the petition fails to show that relator
is entitled to any relief whatever.

Relator asserts, and it is borne out by the case cited,
that in such a case as this the remedy by appeal is not
always an adequate remedy, and therefore certiorari
will lie. *State ex rel. Daigneault v. Superior Court*,
124 Wash. 90, 213 Pac. 677. Relator also asserts that
that case is decisive of all questions involved herein.

We do not find it so. In that case, the decedent, a
resident of King county, died December 31, 1922, leav-
ing a will wherein one Robinson was appointed as
executor. On January 2, 1923, the will was probated
and Robinson granted letters. On January 15, 1922.
and within the forty days prescribed by statute, the
surviving spouse, Mrs. Daigneault, petitioned the court
to set aside the appointment of Robinson as executor
and appoint her as administratrix with the will an-
nexed. The lower court denied the petition and she
applied here for a writ of certiorari. In her petition
for the writ, she showed that she was the widow of

deceased, a resident of this state, and otherwise competent and suitable to receive the appointment sought. She also showed that all the property to be administered upon was community property of herself and her deceased husband.

In the petition which relator filed for letters of administration in the court below, and which is before us, there was no reference whatever to community property. It is true she alleged that she was the surviving spouse of the deceased. She alleged also that deceased left estate in that county consisting of real and personal property. Whether it was community real and personal property in whole or part she gave no intimation. The evidence in this case sent up by the superior court shows that the estate of decedent amounts to probably more than $100,000. A casual examination of the will discloses that decedent declared it to be his separate property free from all claims of his wife. This was asserted by relator as the objector to the will on the contest, to be a delusion on the part of decedent. The will also provides that, after the devise of a certain piece of property in California, all the rest, residue and remainder of his property was bequeathed and devised to his wife, this relator, and to his only sister, Mary Vaughn, share and share alike. In connection with this provision of the will, he again declared that all property standing in his name was his separate property, and that "in case my wife establishes a right to any property standing in my name as being community property, then I will and bequeath all property of every character of which I die possessed, except as set forth in paragraph two above, to my said sister, Mary Vaughn."

The foregoing provision of the will may account to some extent at least for the cautiousness of relator in asserting any community interest in the estate of de-

cedent. At any rate, she did not assert any such community interest. She contested the will of decedent and did not, as was the case in the *Daigneault* case, *supra,* allow the will to stand and petition the court to set aside the appointment of the executor and appoint her administratrix with the will annexed as to the community property. Under § 1419, Rem. Comp. Stat., *supra,* she would be entitled to administer upon the community property notwithstanding any provisions of the will to the contrary, if otherwise qualified, and if she made application for such appointment within forty days immediately following the death of the deceased spouse.

.As she did not so petition, we are of the opinion that she probably waived any rights in so far as the proceedings pending in the court below upon which her petition for the writ is based are concerned.

Since, however, there is apparently an appeal coming from the court below upon the denial of the petition, we shall not now finally foreclose any right that relator may show to administer upon any community property, if it then be adjudged that her petition was sufficient therefor. So far as this case is concerned, it now appears that, in the court below, the petitioner tried a contest proceeding, and now seeks to have herself appointed administratrix with the will annexed of the community estate of decedent and herself. She has also taken an appeal, and we are convinced that in this case, unlike the *Daigneault* case, she is not entitled to have her case finally adjudicated by certiorari proceedings.

The peremptory writ is therefore denied.

All concur.