[No. 21344.  Department One.  August 22, 1928.]

THE STATE OF WASHINGTON, *on the Relation of Grace
Melbye, Plaintiff*, v. THE SUPERIOR COURT FOR
WALLA WALLA COUNTY, *Respondent*.[1]

[1] PARTNERSHIP (14)—EVIDENCE—WEIGHT AND SUFFICIENCY AS
BETWEEN PARTNERS—CERTIORARI—CONTINGENCY NEVER REACHED.
Upon an issue between the survivor and the estate of a decedent,
as to the existence of a partnership between them, the evidence
to charge the estate should be such as to carry conviction to a
fair and impartial mind; and findings that no partnership ex-
isted are sustained where it appears probable that there was no
more than a working interest given because of prior experience
and service in a business new to the decedent, or a prospective
partnership after the profits had repaid the investment, which
contingency was never reached.

Certiorari to review a judgment of the superior
court for Walla Walla county, Sharpstein, J., entered
May 11, 1928, denying an application for the appoint-
ment of an administratrix of an alleged partnership
estate, after hearing on the merits.  Affirmed.

*E. L. Casey* and *John C. Hurspool*, for relator.

*J. G. Thomas*, *W. A. Toner*, and *H. B. Noland*, for
respondent.

TOLMAN, J.—Relator, by petition filed in this court,
sought a writ of review for the purpose of reviewing
a judgment of the trial court adjudging that no part-
nership existed, and consequently denying her ap-
plication for appointment as administratrix of what
was alleged to be a partnership estate.

The writ was issued on the authority of *State ex rel.
Keasal v. Superior Court*, 76 Wash. 291, 136 Pac. 147,
and *State ex rel. Daigneault v. Superior Court*, 124
Wash. 90, 213 Pac. 677.  The record was sent up and
the cause was heard here on the merits.

[1]Reported in 269 Pac. 791.

A motion to quash was interposed, based on the supposed insufficiency of the petition and the adequacy of the remedy by appeal, but the conclusion we have reached on the merits makes it unnecessary for us to consider this motion.

[1] There must, of course, be a partnership before there can be a partnership estate, and there must be such an estate before it can be administered; so that the primary and controlling question here is, does the evidence establish with sufficient clarity that a partnership existed?

It appears that, in August, 1925, Martin L. Lanning, since deceased, purchased a cleaning and pressing business, theretofore existing and carried on in the city of Walla Walla under the name of the Everz Cleaning Company, paying therefor five thousand dollars in cash for the business, and twelve hundred dollars for the delivery truck used in connection therewith.

The relator had been employed in the business for some two years prior to this time; and Lanning, it appears, not being familiar with the business, made arrangements before he consummated the purchase that she should continue with him in the business in order that he might have the benefit of her experience in its management. At the time of the negotiations for the purchase, some expressions were used by Mr. Lanning to the effect that he would not purchase, because of his lack of experience, unless the relator would remain with him and take an interest in the business. She did so remain, other employees were given to understand that she had direction and control over them, and aside from the financial affairs, she seems to have been very largely the manager of the details of the business. Mr. Lanning seems to have referred to her as having an interest in the business, and on at least

one occasion, in talking to a solicitor who desired to sell advertising matter, referred to her as his partner and declined to contract until she had been consulted.

About a year after Lanning purchased the business, relator began to receive twenty dollars per month in addition to her salary; the salary being the same as that which she received from the former owner of the business, it being paid weekly and charged to expense, and the twenty dollars being paid monthly and carried in a separate account without any designation on the books from which it can be determined whether this was paid the relator as a share of the profits, as a bonus, or otherwise. A penciled memorandum, said to be in the handwriting of Mr. Lanning, was introduced showing that about September 1, 1927, he figured up the profits as shown by the books for preceding periods, divided the sum of the profits by five, subtracted therefrom the aggregate of the twenty dollars per month theretofore paid to the relator, and at about that time he issued the relator a check for two hundred dollars, which was never charged on the books and is wholly unexplained.

It seems to be argued from this that Mr. Lanning, by these figures, admitted relator's right to one-fifth of the profits; but the two hundred dollar check and the previous payments in excess of the salary do not balance with the item of one-fifth of the profits, leaving the whole matter inconclusive. There was other testimony by the husband and son of the relator, relating to conversations with Lanning in which he seemed to recognize that relator had some sort of interest in the profits of the business; none of which statements were definite, save one, testified to by relator's husband, to the effect that Lanning agreed to give the relator a two-fifths interest in the business as soon as the profits of the business had paid back to him the money

which he had invested in the purchase, and that she would have opportunity by purchase to increase that interest. This of course does not square with the penciled figures, and the evidence is rather conclusive that Mr. Lanning never received back in profits the amount of his investment. The business was carried on and the banking done in Lanning's individual name. There are other facts and circumstances shown to the same general effect which need not here be set out in detail. Are these facts sufficient to establish a partnership?

We are dealing here, not with a situation involving creditors or those who have dealt with the concern on the faith of a holding out of the existence of a partnership; but this is, in effect, an action between the original parties and one having passed from the scene, and his mouth being closed by death, the evidence should go beyond a mere possibility, or even probability, and should be such as to carry conviction to a fair and impartial mind that a partnership, in fact, existed.

This court in *Pencil v. Home Ins. Co.*, 3 Wash. 485, 28 Pac. 1031, in discussing a prospective partnership, used language which is quite applicable here, and if it should be held that Lanning contemplated a partnership with the relator at some future time, still there is insufficient to show that a partnership was ever consummated.

Relator relies upon the cases of *Prickett v. Sloggy,* 59 Wash. 481, 110 Pac. 11; *Nicholson v. Kilbury,* 83 Wash. 196, 145 Pac. 189 and *In re Welch's Estate,* 84 Wash. 558, 147 Pac. 4.

In the *Prickett* case, it appears clearly that, after the purchase price of the business had been returned to the one who advanced it, the profits of the business for two years or more had been equally divided and

paid to the interested parties under the name of "Dividends." This, with other facts and circumstances, was held sufficient to establish a partnership. In the *Nicholson* case, the facts are too long and involved to be here restated. It is sufficient to say that, while in some respects there is a similarity, the facts there go very far beyond what is shown here and carry conviction almost beyond a reasonable doubt. In the *Welch* case, the facts are not very fully stated in the opinion, but from what is said it clearly appears that the trial court found that a partnership existed and the facts set forth in the opinion, together with other facts not stated, were held sufficient to sustain the judgment.

The case of *McDonald v. Edgcomb*, 68 Wash. 393, 123 Pac. 525, while very different in most of its facts, bears somewhat strongly on the effect of the declarations made by the party sought to be charged as to the interest of another in the business. It was there said:

"The appellant introduced a number of witnesses who testified to declarations made by the respondent to the effect that the appellant had an interest in the enterprise, and would share with the respondent in any sum he might make out of the same. Some of these statements were not denied by the respondent; that is, were not specifically contradicted by him. The appellant argues therefrom that these statements should be accepted as the truth, as the courts are not at liberty to disregard uncontradicted or unimpeached testimony. It is perhaps a general rule that, when a disinterested witness, who is in no way discredited, testifies to a fact within his knowledge which is not of itself improbable or in conflict with other evidence, the fact is to be taken as legally established, and cannot be disregarded by a court or jury. But the rule is inapplicable to the facts shown here; at least, it does not require a contrary judgment from that entered by the trial court. It can be true that the statements attributed to the respondent were made by him, and still

the fact be otherwise; and taking the evidence as a whole, we are not satisfied that it preponderates in favor of the appellant.''

So here, accepting as a fact that the deceased for an apparent purpose of his own told a salesman that the relator was his partner and told others that she had an interest in the business, yet when the entire setting is considered, such statements indicated only that he desired the benefit of her experience in dealing with the salesman and that her compensation was, to some extent, to be determined by the profits of the business. A working interest in a business such as this is not uncommon. It gives the profit sharing employee no interest in the corpus of the business and falls far short of constituting a partnership.

The trial court was convinced that the relator had a working interest in the business and no more, and we, after painstaking study, are unable to find that the evidence preponderates against that view.

The judgment is affirmed.

FULLERTON, C. J., PARKER, MITCHELL, and FRENCH, JJ., concur.