[No. 21279. Department One. October 8, 1928.]

*In the Matter of the Estate of* DAVID VAUGHN,
*Deceased.*

GWEN VAUGHN, *Appellant,* v. H. H. MARSHALL,
*Respondent.*[1]

*Chas. W. Johnson,* for appellant.
*Rader & Bean,* for respondent.

FRENCH, J.—David Vaughn died on December 8, 1924, and was, at the time of his death, a resident of Walla Walla county. He left a will appointing the respondent executor, and this appeal is from an order allowing executor's fees and attorney's fees.

When the will was first offered for probate, appellant filed a contest and the matter has been twice be-

[1]Reported in 270 Pac. 1030.

fore this court. *State ex rel. Vaughn v. Superior Court,* 135 Wash. 202, 237 Pac. 301; and *In re Vaughn's Estate,* 137 Wash. 512, 242 Pac. 1094. During the progress of the administration of this estate, there was considerable litigation involving Gwen Vaughn, the widow, Mary Vaughn, a sister, and the executor, they being the only beneficiaries under the will. The difficulties between these parties seem to have been finally compromised, and a stipulation was entered into covering all phases of the disputed questions, and providing:

"It is stipulated that both the attorney's fees and the executor's fees shall be submitted to the court for determination, and that the attorney's fees and executor's fees so fixed by the court shall be paid and allowed out of said estate."

Pursuant to this stipulation, final account was presented to the court, heard, and determined; and in accordance with that portion of the stipulation quoted above providing for the fixing of attorney's fees, the court allowed four thousand dollars as executor's fees, allowed three thousand dollars to the attorneys for the executor for their services in the probating of the estate, two thousand dollars as an attorney's fee for the executor in the matter of the will contest, and made a further allowance of two thousand five hundred dollars as a reasonable attorney's fee for legal services rendered on behalf of Mary Vaughn in connection with the litigation connected with the settlement of the estate.

No question is raised on this appeal as to the propriety or correctness of the last named allowance; the only contention in connection therewith being by the executor and cross-appellants that this allowance should have been made against the estate, rather than against the distributive share of Mary Vaughn. There

is abundant testimony in the record indicating that the court was justified in fixing the fees at the amounts stated in the final order. In addition thereto, the parties, by the above quoted part of the stipulation, practically appointed the court as an arbitrator to determine these matters; and, in the absence of arbitrary action, are now bound by its determination.

Appellant raises the question that a portion of the fee allowed was for services in the will contest, but it was incumbent upon the executor named in the will to offer it for probate. It was his duty to defend the will, and it is proper for him to be allowed costs and reasonable attorney's fees for so doing. 24 C. J. 100, § 536; *McIntire v. McIntire,* 192 U. S. 116; *In re Hentges' Estate,* 86 Neb. 75, 124 N. W. 929; 26 L. R. A. (N. S.) 757, and note.

On the cross-appeal, the executor alleges as error the failure of the superior court to charge the entire attorney's fee to the estate instead of only a part thereof. The trial court at the hearing orally indicated—and this, we think, is abundantly supported by the record—that some of the litigation in question was not, strictly speaking, for the benefit of the estate, but was for the benefit of Mary Vaughn. The litigation for which this portion of the fee is claimed not having resulted in any material benefit to the estate, the estate should not be charged therefor. Mary Vaughn is not raising the question as to the power of the court to charge an attorney's fee against her distributive share, and therefore we are not passing upon this question.

Both sides having appealed, there will be no costs allowed.

The judgment is affirmed.

FULLERTON, C. J., PARKER, TOLMAN, and MITCHELL, JJ., concur.