784

No. 34,409

In the Matter of the Estate of Isaphine Faust, Deceased. (CATHERINE E. FOREMAN, as Executrix of the Last Will and Testament of Isaphine Faust, Deceased, *Appellant*, v. ALICE HEATON et al., *Appellees.*)

(96 P. 2d 680)

Opinion filed December 9, 1939.

*Hugh C. Larimer, Thomas F. Doran, Clayton E. Kline, M. F. Cosgrove, Balfour S. Jeffrey* and *Robert E. Russell*, all of Topeka, for the appellant.

*J. J. Schenck, C. P. Schenck, A. Harry Crane* and *Ward D. Martin*, all of Topeka, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was a proceeding to probate a will. The probate court refused to permit the will to be probated. On appeal the district court refused to probate the will. The proponents of the will appeal.

When the will was offered for probate an objection was filed and the matter was set down for hearing and evidence was introduced.

The proponent of the will was Catherine E. Foreman. She was named executrix and sole beneficiary in the will. The objections to the probate of the will were filed by all the heirs at law of the deceased. The objections filed by the heirs stated that they objected to the probate of the will on the ground that Isaphine Faust, on February 23, 1938, the date when the will was alleged to have been executed, was not mentally competent to execute a will and that she was lacking of sound mind and memory; and further that on February 23, 1938, she was under restraint at the time the will was signed.

After hearing the evidence the probate court found that the will should not be admitted to probate for the reason that Isaphine Faust was not mentally competent to execute a will on February 23, 1938; for the further reason that she was under restraint at the time the will was signed; and that she did not have independent advice with reference to the will, as required by the statute. Subsequent to the decision on the matter by the probate court a special administrator was appointed and is now serving. The probate court taxed the costs of the proceedings against the proponent of the will. The proponent filed a motion to retax these costs. This motion was denied.

On appeal the district court heard testimony and made the following findings:

"1. That at the time Isaphine Faust executed the will in question, she was mentally incompetent, and had been for many months prior to that time.

"2. That at the time of the execution of said will, there existed between Mrs. H. C. Foreman, the sole beneficiary named in the will, and Mrs. Faust a confidential relationship, and that Mrs. Faust did not have independent advice in connection with the preparation of her will.

"3. That Isaphine Faust was subject to restraint at the time of the execution of her will."

The court also found that the proponent of the will should pay the costs of the proceedings.

On the hearing of a motion for a new trial and to retax costs the trial court overruled the motion for a new trial and found that the appeal from the probate court was taken, not by the executrix of the will, but by the sole legatee under the will, and that the motion to retax costs should be overruled. The proponent of the will also filed a motion that she be allowed fees as executrix, attorney fees and expenses out of the estate. This motion was overruled. From these orders and judgments the proponent has appealed.

The proponent of the will states that because of limited financial means she was unable to procure a transcript of the entire record. Hence the scope of the review will be somewhat limited on that account.

The first error of which the proponent complains is that the trial court erred in refusing to admit the testimony of the doctor who attended deceased in her last illness. An offer of proof was made at the trial in district court, and an affidavit of what the testimony of the doctor would have been was furnished the trial court on the hearing of the motion for a new trial.

The objection to the probate of the will and to the evidence of the doctor was sustained on the ground that what he was interrogated about was a privileged communication, and incompetent under the provisions of G. S. 1935, 60-2805. The argument of the proponent of the will is that this privilege was waived.

In connection with the argument of proponent on this point we must note that the trial court and the probate court refused to permit the will to be probated on two other grounds besides want of testamentary capacity of the deceased, that is, the trial court found in addition to want of testamentary capacity that at the time of the execution of the will she was mentally incompetent and had been for many months prior to that time; that at the time of the execution of said will there existed between Mrs. H. C. Foreman, the sole beneficiary named in the will, and Mrs. Faust a confidential relationship; that Mrs. Faust did not have independent advice in connection with the preparation of her will and that she was subject to restraint at the time of the execution of her will. Either one of these grounds would require the court to take the action it did take, as we shall presently see.

The affidavit of the doctor shows that his testimony was offered on the question of whether the deceased was mentally competent. Since there are two other grounds upon which the court might have reached the conclusion it did reach, we are not concerned about whether testimony that bore only upon one of the grounds was improperly or properly excluded. It would not do to send this case back to be tried again on the question of whether the deceased was competent to make a will when the trial court found, in addition to the incompetency, that there was undue influence exercised on deceased; that she received no independent advice, and that she was under restraint. Since these findings are not questioned here and

we are not furnished a record of the evidence upon which these findings were made, we must assume that there was ample evidence to sustain them. For these reasons the judgment of the trial court should stand regardless of whether the testimony of the doctor was privileged.

The proponents of the will realize the force of this argument, and to meet it they point out the following language in the affidavit of the doctor:

"That the doctor suggested to Mrs. Faust that she be taken to a hospital, as her illness might be of rather long duration and might be a burden on the Foremans, but that Mrs. Faust stated that she was well taken care of and did not want to go to the hospital. That the doctor would further testify that the Foremans were entirely agreeable with this and thought it ought to be done, but did not take Mrs. Faust to the hospital because of her own objection. That . . . there is nothing in cancer illness that affects the mind. That . . . during his visits to the Foreman residence in attending Mrs. Faust, he talked to the Foremans on many occasions and that at no time did they suggest that they desired to restrain Mrs. Faust in any manner or keep her on their premises rather than to send her to the hospital, or show any disposition to take any such action."

She argues that this testimony of the doctor would have been competent on the question of restraint, to which the trial court found deceased was subject at the time she made her will.

G. S. 1935, 22-218, provides as follows:

"If it shall appear that such will was duly attested and executed, and that the testator at the time of executing the same was of full age and sound mind and memory, and not under any restraint, the court shall admit the will to probate."

The proponent of the will here construes the word "restraint" as used in that statute and in the findings of the court here to mean some physical restraint of the body. If that be the correct construction, then the testimony of the doctor would be competent on the question of restraint. The rule is, however, that the word "restraint," as used in the statute, is any action that deprives the testatrix of the free exercise of her will. There might be restraint in a case such as we have here and this elderly woman be perfectly willing to stay in the home of the proponent of the will. Under the circumstances we have here, when the record is not brought up for review, we must conclude there was sufficient evidence to warrant the trial court in reaching such a conclusion. The evidence of the doctor, therefore, is of no probative value on this point.

Besides all this, we have the findings of the trial court that at the time of the execution of the will there existed between Mrs. H. C. Foreman, the sole beneficiary named in the will, and Mrs. Faust, a confidential relationship, and that Mrs. Faust did not have independent advice in connection with the preparation of her will.

In this finding the trial court followed the provisions of G. S. 1935, 22-214. This statute provides that if it shall appear that the facts found here exist, then the will shall not he held valid. Under the record as we have it here we must·conclude that there was evidence to warrant such a finding. From an examination of the doctor's affidavit it does not appear that his evidence would have shed any light on that question. For all these reasons we have concluded that it was not error for the trial court to exclude the evidence of the doctor, regardless of whether it was a confidential communication, and we shall not deal with that question here.

The next argument is that the trial court erred in taxing the costs against the proponent of the will and refusing to allow attorney fees for the attorneys for the proponent of the will to be paid out of the estate. The main decision cited and relied on by the proponent on this point is *In re Estate of Hooper,* 144 Kan. 549. In that case the executor named was not a beneficiary under the will. He offered the will for probate as was his duty as executor. Some costs were incurred and the trial court taxed them against the executor. This court said:

"It will be noted that the trial court taxed the costs against the executor. This should not have been done. The executor was named in the will. It was his duty to offer the will for probate. It was necessary that this should be done for the benefit of all concerned. He should not be penalized for doing his duty. The estate should pay his expense."

In this case the named executrix who offered the will for probate was also the sole beneficiary. While we do not have the entire record here, we note that the journal entry of the decision of the probate court recited that Catherine Foreman, not Catherine Foreman as executrix, appeared and offered evidence, and the journal entry was approved by counsel for Catherine Foreman, not for Catherine Foreman as executrix. Catherine Foreman appealed to the district court as sole beneficiary, not as executrix. None of the action she took was as executrix. From the outset, it is clear that she was carrying on the litigation for her own benefit and in order that she might receive the property, and not for the benefit of the

estate. It is not just clear from this record, but it appears that a special administrator was appointed by the probate court immediately after probate of the will was refused. From that time on Mrs. Foreman was named beneficiary under the will and had no other connection with it.

The proponent cites *Medill v. McIntire,* 136 Kan. 594, 16 P. 2d 952, as upholding her argument here. In that case an executor was allowed fees and expenses incurred in probating a will that was later, in another action, held to be a forged will and invalid. When the allowance of these fees was contested this court said:

"The plaintiff contends that it having been established that the will was a forgery, there can be no recovery against the estate by the executor for services and expenses in administering it up to the time the invalidity of the will was finally determined. When a will was found and in it McIntire was nominated as executor, he had the right to procure the probate of the same; and when it was admitted to probate and he had been regularly appointed as executor, he became the personal representative of the estate and had the right to administer it and to defend the will, and thus carry out the will of the testator as expressed in the instrument. An executor who acts in good faith is entitled to reasonable compensation for his services and necessary expenses in the execution of the will. The statute provides that:

" 'Executors and administrators shall be allowed for their services such reasonable compensation as may be allowed by the court upon due hearing therefor had, at times and upon notice to be fixed by the court; also, necessary attorneys' fees and other expenses as the court shall deem reasonable and necessarily incurred, to be ascertained upon like hearing.' " (p. 596.)

Here the will was never admitted to probate and no service whatever was performed by Mrs. Foreman as executrix. The elements of good faith in the executor or administrator are always involved in consideration of a question such as this. The probate court and the trial court had a better opportunity to reach a sound conclusion as to the good faith of the executrix in this case than we have with our limited record. From the findings it appears that the entire proceedings, as far as Mrs. Foreman is concerned, were in bad faith. In such a case we cannot hold that the court erred when it refused to allow costs and attorney fees to be paid out of an estate to one who in bad faith carried on litigation for her own benefit.

The judgment of the trial court is affirmed.