16 So.2d 873

**LITTLE v. GAVIN et al.**

**8 Div. 271.**

Supreme Court of Alabama.

Feb. 24, 1944.

See, also, 244 Ala. 156, 12 So.2d 549.

Horace C. Wilkinson, of Birmingham, for appellant.

W. H. Key, Jr., of Russellville, and Orlan B. Hill and A. A. Williams, of Florence, for appellees.

GARDNER, Chief Justice.

In Little v. Sugg, 243 Ala. 196, 8 So.2d 866, this Court affirmed the judgment of the court below in sustaining the contest of the will of Charles R. Burgess, deceased, instituted by a number of the heirs of said decedent. The will had been offered for probate by Agnes Little, the sister of decedent, who (omitting a few $1.00 bequests) was the sole beneficiary under the will.

The estate appears to have been a valuable one, and the litigation over the contest of the will was rather extensive. The

grounds of contest were: (a) testamentary incapacity of said Charles R. Burgess; (b) undue influence exercised by Agnes Little and her son, Fontaine Little. One Foster Gavin was appointed administrator of the estate, which administration is now pending in the equity court. Agnes Little filed a petition in said court that she be allowed reimbursement for monies expended in her unsuccessful effort to probate the will, including fees paid to alienists, cost of preparation of bill of exceptions, printing briefs, and the cost of the contest which had been taxed against her. In her petition she refers to a petition then on file presented by her attorneys seeking to have the court order their fee of $5,500 allowed as a claim against the estate of Charles R. Burgess, deceased. For the purpose here in hand these two petitions are considered together.

A reference was held by the Register under order of the court, who reported upon the reasonableness of the charges, including the attorneys' fee; and also that in his opinion, Agnes Little had acted in good faith and was entitled to have herself reimbursed for the expenditures outlined, and to have her counsel fee paid out of the estate. Upon consideration of the exceptions to the report of the Register, the trial judge entered a decree sustaining the exceptions and denying the relief sought by the two petitions. From this decree Agnes Little has prosecuted this appeal.

In addition to testimony as to the reasonableness of the charges and her own testimony, petitioner offered before the Register testimony of the attorneys who took active part in the contest proceeding tending to show their investigation of the case prior to the trial, their conversations with Agnes Little, and their advice to her that the contest should be resisted. In short, the evidence before the Register in this regard tended to show the entire good faith of the attorneys, and their extraordinary diligence in the preparation and conduct of the cause. The opposing parties offered the testimony taken upon the trial of the contest, which has been here carefully re-read and re-examined, and which contains ample justification to sustain the verdict rendered, both upon the ground of testamentary incapacity and undue influence.

Defendants to the petition moved the court to set aside so much of the order of reference as referred to the Register the question of good faith on the part of Agnes Little. But the trial judge stated, in his order denying this motion, that as the date of the reference had already been fixed and notice given, he would overrule the motion and reserve for consideration the various grounds of exception to the Register's report, at which time full consideration could be given thereto. The question of good faith was one wholly judicial in character, not involving any necessity for the labors of the Register as the court's accounting officer. It was a matter for the determination of the court and not a proper subject of reference to the Register. Horst v. Pake, 195 Ala. 620, 71 So. 430; Hale v. Cox, 240 Ala. 622, 200 So. 772; De Moville v. Merchants & Farmers Bank, 237 Ala. 347, 186 So. 704.

Such being the situation, therefore, the report of the Register to the extent indicated is not entitled to the legal weight that ordinarily attaches thereto. Hale v. Cox, supra. The argument of counsel for petitioner, therefore, to the effect that the report of the Register is entitled to the weight of the verdict of a jury is, in our opinion, untenable.

In the decree sustaining the exceptions to the report the trial judge said:

"The Court has carefully considered the petition of Beddow, Ray and Jones, and J. Foy Guin, as well as the evidence in support thereof, as well as the report of the Register as it relates to said petition, and the exceptions filed thereto. This Court, having presided at the trial of the contest of the will of Charles R. Burgess, deceased, and having heard the testimony given ore tenus on said trial, and having considered the testimony taken on the reference before the Register, is of the opinion that the report of the Register, in so far as it recommends the source from which the attorney's fee be paid, is a mistake of law. Admittedly, no part of the services rendered by said attorneys benefited the estate of the decedent, nor were intended to benefit the estate of the decedent, but all such services were rendered in the promotion of the individual interest of the petitioner, Agnes B. Little. Had the services of these petitioners been successful the entire estate would have been the property of the said Agnes B. Little. This Court is therefore of the opinion that it would be unjust and inequitable in the premises to place the burden of the payment for legal services ren-

dered exclusively for the individual benefit of Agnes B. Little in any part, or in any measure, upon the other heirs of this estate. This Court is, however, of the opinion that these petitioners did render legal services to the said Agnes B. Little for her individual benefit for the reasonable value of $5500.00 as found by the Register in his report, and that they should be compensated in such amount for such services, and that such compensation should be paid to said attorneys from the individual distributive interest of the said Agnes B. Little in said estate.

"It is therefore ordered, adjudged and decreed that the exceptions filed to the report of the Register, insofar as they relate to all questions except the amount of the said attorneys' fees, be and the same hereby are sustained, and said report is as to all things except the amount of said attorneys' fees hereby set aside.

"It is further ordered, adjudged and decreed that the petitioners, Beddow, Ray and Jones and J. Foy Guin, do have and recover, out of the distributive share of Agnes B. Little in the estate of Charles R. Burgess, deceased, the sum of $5500.00."

 In Mitchell v. Parker, 227 Ala. 676, 151 So. 842, the holding was to the effect that one named as executor in a will and propounding it for probate, acting in good faith, may be allowed out of the assets of the estate his reasonable expense incurred in resisting a contest of the will, including a reasonable attorney's fee, though the contest prove successful. The court further concluded the proper rule to be that good faith should be imputed in the absence of a showing to the contrary, and that prima facie the person named as executor has the duty to prosecute the petition to probate against a contest. We recognize this as the general rule, and to be followed unless the court, in its sound judicial discretion, based upon the circumstances of the particular case, should find that it would be inequitable and unjust to allow such expenses out of the estate. In the Mitchell case good faith clearly appeared, and the expenses were properly allowed. The rule there recognized is one which finds support in the authorities of our own State, cited in the opinion, and is likewise supported by the weight of authority elsewhere, as an examination of the notes to In re Jolly's Estate, 3 Wash. 2d 615, 101 P.2d 995, 128 A.L.R. 993; Butt

v. Murden, 154 Va. 10, 152 S.E. 330, 69 A.L.R. 1048; Wilson v. Wilson, 188 Ky. 53, 221 S.W. 874, 10 A.L.R. 780, discloses.

In the instant case the trial judge directs attention to the fact that he was the presiding judge upon the trial of the contest of the will. He was evidently in accord, as to his conclusion from the facts, with the verdict of the jury, either that the testator lacked testamentary capacity or that the will was the result of undue influence exercised by Fontaine Little, the son of petitioner, Agnes Little. He evidently concluded that Agnes Little well knew of such testamentary incapacity, if in fact it existed, and also well knew any undue influence exerted on the part of her son to produce the execution of the will. There is no occasion here to review the testimony in regard to these particular grounds of contest. As we have previously observed, this evidence has been re-examined and reconsidered.

The language of the Kansas Court in In re Faust's Estate, 150 Kan. 784, 96 P.2d 680, 684, is so strikingly in point that we quote it here as directly applicable: "Here the will was never admitted to probate and no service was performed by Mrs. Foreman as executrix. The elements of good faith in the executor or administrator are always involved in consideration of a question such as this. The probate court and the trial court had a better opportunity to reach a sound conclusion as to the good faith of the executrix in this case than we have with our limited record. From the findings it appears that the entire proceedings as far as Mrs. Foreman is concerned were in bad faith. In such a case we cannot hold that the court erred when it refused to allow costs and attorney fees to be paid out of an estate to one who in bad faith carried on litigation for her own benefit."

So, here, we also feel that this Court would not be justified in reaching a result contrary to that of the trial judge, whose opportunity to reach a sound conclusion as to the matter of good faith was superior to that offered us by the record.

But the trial judge concluded also that petitioners were not entitled to relief as a matter of law upon the theory that Agnes Little was the sole beneficiary under the will, and that in resisting the contest she was acting in her own behalf and in no manner for the benefit of the estate. The

cases cited in the notes above referred to likewise sustain this view. Among the noted cases is that of Huff v. Huff, 132 Tex. 540, 124 S.W.2d 327, 329, where the Court observed: "The effect of permitting him, after such defeat, to be reimbursed for costs and attorneys' fees, would be to cause the heirs not named in the will, although they prevailed, at their own expense, in establishing their rights in the estate, to have to pay not only the costs of such suit, but the attorneys' fees also, incurred by the executor in his effort to probate such will; while the named executor would pay nothing, although he was the loser in such suit."

And the Kansas Court in In re Faust's Estate, supra, likewise treated this question with the observation: "From the outset, it is clear that she was carrying on the litigation for her own benefit and in order that she might receive the property and not for the benefit of the estate."

See also In re Vaughn's Estate, 149 Wash. 291, 270 P. 1030; In re Carlson's Estate, 156 Or. 597, 68 P.2d 119; and Daly v. Moran, 256 Ky. 280, 75 S.W.2d 1041. Indeed, we have found no case to the contrary, and we may observe in this connection that upon this theory the conclusion in Hall v. Whitfield, 236 Ala. 659, 184 So. 689, might well have been rested.

All other questions aside, therefore, we are of the opinion that, upon the merits, the relief sought by the petitions were properly denied.

It appears from the decree hereinabove quoted that the court ordered the attorneys' fees of $5,500 to be paid out of the distributive share of Agnes B. Little in the estate of Charles R. Burgess, deceased. We are of the opinion that this part of the decree was unjustified under the pleadings as presented in the court below. The attorneys petitioned that their fee be paid out of the estate. They sought no decree against Agnes Little individually, nor any claim upon her distributive share. Not only so, but they expressly declare in their briefs in this Court that if they are not entitled to have their fee paid out of the estate, then they are—to use the language of their brief—"not entitled to any judgment against anyone here, and certainly the judgment in our favor and against Mrs. Agnes B. Little should be set aside on the pleadings in this case."

In justification counsel for the defendant appear to rely upon Hale v. Cox, supra, but a careful reading of that opinion will disclose a marked difference from the situation here presented. We do not think that anything there said supports this provision of the decree. It results, therefore, that the decree rendered should be here corrected by eliminating this particular provision, and as thus corrected, should be affirmed. In view of this result, we are of the opinion that the costs of this appeal should be borne equally by the appellant and the appellees. It is so ordered.

Corrected and affirmed.

BOULDIN, FOSTER, and STAKELY, JJ., concur.