30 So.2d 245

### GAVIN v. HUGHES.

### 8 Div. 345.

Supreme Court of Alabama.

April 17, 1947.

W. H. Key, Jr., of Russellville, for appellant.

Wm. Stell, of Russellville, for appellee.

LIVINGSTON, Justice.

The appeal is from a decree of the Circuit Court of Franklin County, in equity, allowing and ordering paid a claim filed against the estate of Charles R. Burgess, deceased, the administration of which has been before this Court before. Little v. Sugg, 243 Ala. 196, 8 So.2d 866; Little v. Burgess, et al., 244 Ala. 447, 13 So.2d 761; Little v. Gavin, 245 Ala. 252, 16 So.2d 873.

After the death of Burgess, Thomas M. Hughes, a great nephew, filed his claim against the estate of Burgess as for work and labor done for him during his lifetime. The claim was divided into three separate items as follows:

"1—For services rendered decedent from about February 9th, 1940 to April 5th, 1940 at $7 per day .............. $372.00

"2—For services rendered decedent for the months of October 1939 to February 9th, 1940 at $75 per month...... $375.00

"3—For services rendered decedent from April 5th 1940 to September 16, 1940......... $650.00."

Appellant, the administrator of the estate of Burgess, denied all liability on the claim. The administration of the estate having been removed to the circuit court, in equity, the parties agreed to a reference before the register for a determination of the claim's validity. After a hearing on testimony taken ore tenus before the register, he allowed item one of the claim, and denied items two and three, and so reported to the trial court. Both parties filed exceptions to the register's report, the appellee as to items two and three, and the appellant as to item one. The trial court overruled appellant's exceptions as to item one of the claim, and sustained appellee's exceptions as to items two and three of the claim, and rendered judgment accordingly. In other words, the trial court allowed appellee's claim in full as filed, except as to a clerical error which is not here important. This judgment was dated August 8, 1945. Motion for a new trial was made on September 7, 1945, and overruled by the court on October 6, 1945. This appeal by the administrator was perfected on October 19, 1945.

The cause was submitted here on the merits, and on appellee's motion to dismiss the appeal on the ground that it was not perfected within 30 days from the rendition of the judgment as provided by section 216, title 61, Code of 1940.

■ The motion to dismiss the appeal is not well taken. The appeal is from the decree of August 8, 1945, and not from the decree overruling appellant's motion for a rehearing. The time in which an appeal must be taken, as provided for in section 216, title 61, Code of 1940, was suspended pending the ruling on the application for a rehearing. Equity Rule 62, Appendix title 7, Code of 1940, pages 1097, 1098. The statute and rule must be read in pari materia. See, also, Money v. Galloway, et al., 236 Ala. 55, 181 So. 252.

■ We have noted above, that the trial court vacated in part the report of the register relative to the claim here involved. The burden here is on appellant to show error and injury resulting from such vacation, but he is aided in this by the usual presumption in favor of the register's report, based on testimony taken ore tenus before him, which has the weight of the verdict of a jury. Sumner v. Caldwell, 244 Ala. 149, 12 So.2d 391.

128

In the final analysis, the question here presented is one of fact.

■ Nowhere in the record is it denied that appellee performed the services made the basis of his claim against the estate of Burgess; as stated, the claim was based upon the quantum meruit. Appellee was competent to testify what was a reasonable charge for such services. Hyde v. Starnes, 247 Ala. 26, 22 So.2d 421. His testimony is to the effect that the charge made was reasonable. Appellee's mother, Willie Mae Hughes, and his brother, Charles Edwin Hughes, also testified that the services were performed, and, further, to the effect that the claim made therefor was reasonable.

The only evidence offered by appellant on the hearing before the register consisted of certified copies of other proceedings, claims filed, agreements to compromise and judgment rendered on said claims in the administration of the estate of Burgess. These claims against the estate of Burgess were claims of Willie Mae Hughes and Charles Edwin Hughes, mother and brother of appellee. Appellant also offered in evidence a certified copy of a petition to contest the will of Burgess, which petition was signed by or for Willie Mae Hughes, and in which petition it was alleged that Burgess was not competent to make a will.

■ A detailed analysis of the evidence before the register would but encumber the opinion. Section 66, title 13, Code of 1940. We have carefully examined all the evidence in conference, and have considered only legal evidence. That the credibility of witnesses is involved, that opinion evidence of value, not conclusive upon the register, is to be considered, does not withdraw the case from the supervisory power of this Court over the trier of facts. Birmingham News v. Lester, 222 Ala. 503, 133 So. 270.

■ Upon the entire record, our conclusion is that the register erroneously disallowed items two and three of appellee's claim. Though we indulge no presumption in favor of the trial court's finding, it is in accord with our own, and is therefore due to be affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.