318 So.2d 271

**COOSA MARBLE CO., INC., etc., et al.**

v.

**Sarah S. WHETSTONE, as Executrix, etc.**

**SC 1143.**

Supreme Court of Alabama.

July 31, 1975.

Bell & Lang, Sylacauga, for appellee.

A. H. Gaede, Jr. and Samuel H. Franklin, Birmingham, for appellants.

**410**

FAULKNER, Justice.

Trustees of Coosa Marble Company, Inc. appeal from a denial of a motion for new trial, and a decree of the Circuit Court of Talladega County awarding real estate commissions to Whetstone. Whetstone filed a motion to dismiss the appeal because of its untimely filing. The case was heard on the motion and the merits. We grant the motion to dismiss.

William D. Whetstone sought an accounting in equity for commissions due on a real estate agency contract. He died before the conclusion of the suit. On March 18, 1974, the trial court entered a decree in favor of the executrix of Whetstone's estate, against the trustees. On April 10, the trustees mailed a motion for new trial to the clerk. They received a return letter dated April 10 from the clerk, saying the motion had been received and filed May 11. The correct filing date was April 11. On June 5, the trial court heard the motion for new trial. Having received no word from the court, the trustees, by letter dated July 31, informed him the 90-day period under Rule 59.1, A.R.C.P. would expire August 11. The court denied the motion on August 9.

On January 22, 1975, the trustees notified the trial court of their appeal from his order. The appeal to this court was perfected on January 24. Whetstone filed a motion to dismiss on February 17, alleging the appeal was untimely filed.

The trustees obtained leave from this court to file a motion in the trial court under Rules 60(b) and 77(d) A.R.C.P. On March 14, that court denied relief by concluding the four months time limitation under Rule 60(b)(1) had expired; insufficient facts were shown to activate 60(b)(6), and 77(d) applied only to written orders. The trustees then filed in this court a motion for relief under 59.1; a motion to consolidate the appeal, the motion to dismiss, and the motion for relief. The motion to consolidate was granted.

■ Traditionally, the six months time limit for taking an appeal begins to run from the date of a court order denying a motion for new trial. *W. E. Owens Lumber Co. v. Holmes*, 277 Ala. 557, 173 So.2d 99 (1965). This tradition was broken when Rule 59.1 A.R.C.P. was adopted. Under Rule 59.1, a motion for new trial shall not remain pending in the trial court for more than 90 days, without the express consent of all the parties, or unless extended by the appellate court to which an appeal of the judgment lies. A failure of the trial court to dispose of the motion within the 90 days constitutes its denial on the expiration of that period. Here, there was neither express consent of all the parties to extend the time, nor was the time extended by this court. Consequently, the motion was denied by operation of Rule 59.1 on July 10. The appeal period began to run from that date—not August 9, the date of the trial court's order. His order was a nullity. The appeal should have been perfected by January 11, 1975.

■ The motion to extend the time to file an appeal under Rule 59.1 was filed in this court on April 2, 1975. We construe the words, "unless extended by the appellate court to which an appeal of the judgment would lie" to mean, the motion must be filed in this court *before* the expiration

of the 90-day period. Following our construction, the motion came here too late for our consideration.

 The trustees contend that their failure to appeal timely was the result of excusable neglect. Therefore, relief should be granted to them under Rule 60(b). We do not agree. The relief sought by their motion was an extention of time to appeal. A Rule 60(b) motion is an attack on the judgment. The motion neither affects the finality of a judgment not tolls the time for appeal. Moore's Federal Practice, Vol. 7, ¶ 60.29, p. 414. An order denying a Rule 60(b) motion presents for review only the correctness of that order. The final judgment is not for review. Furthermore, the motion in this case was filed more than four months after the order. Thus, the provision of the rule relating to 60(b) was not met.

 We conclude the trial court was correct in denying the motion. Moreover, there was no abuse of discretion for denying the motion based on the 60(b)(6) reason. The undisputed facts show the appeal was untimely filed because of the misdated response of the clerk. The trustees knew the basic facts. They should have discovered the error.

 The trustees further contend they should have relief under Rule 77(d). The trial court denied this motion on the ground that Rule 77(d) applies solely to written orders and judgments of the court. We agree. Here, the motion for new trial was denied by operation of Rule 59.1. There was no need for a written order by the trial court. The trustees concede there was no duty on the clerk to notify them of the automatic denial. They also concede they knew the date of the final judgment. Accordingly, we are of the opinion Rule 77(d) is inapplicable.

Appeal dismissed.

HEFLIN, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.