This condemnation proceeding was originally filed by the state in the Probate Court of Coosa County on August 11, 1975. The property owners (Walls) appealed the probate court award to the circuit court on September 29, 1975.
The parties stipulated, and the trial court entered a pretrial order so stating, that the state had a right to condemn the land and rights in lands sought to be condemned, and that the only issue in the proceeding was the amount of compensation to which the property owners were entitled.
This issue was tried to a jury which returned a verdict in favor of the property owners in the amount of $33,500. The verdict was rendered on April 15, 1976, after pronouncing the verdict in open court. On that date, the trial judge made the following docket entry:
 "4-15-76 Jury and verdict finding the issues in favor of defendants and assessing damages in the sum of $33,500.00. The final decree and judgment will [be] entered by the court at a later date. /s/ K. Ingram, Judge"
On May 13, 1976, the state filed a motion for new trial. On May 19, 1976, the trial court entered an order setting the motion for new trial for hearing on June 28, 1976. *Page 483 
Prior to June 28, 1976, the state requested, and the court granted, a motion continuing the hearing on the new trial motion. No other date was fixed for the hearing on the new trial motion and no order was entered granting the continuance until October 18, 1976, although it is not disputed that the state's motion for a continuance was granted prior to June 28, 1976.
On July 27, 1976, the trial court entered a final judgment in the case, awarding to the state the rights sought in the lands condemned upon the payment of $33,500 to the property owners.
On October 18, 1976, the property owners filed a petition in the trial court seeking to enforce the court's order of July 27, 1976, asserting that they were entitled to the amount of compensation awarded by the jury inasmuch as the state had not taken an appeal from the judgment entered in their favor, and that the time for appeal had expired.
The state filed notice of appeal on October 19, 1976.
The property owners have filed a Motion to Dismiss the appeal, contending here, as they did below, that the appeal comes too late. It is their contention that the state's motion for new trial was denied under Rule 59.1, ARCP, on August 12, 1976, it having been pending for more than ninety days on that date. The rule provides:
 "No post-trial motion filed pursuant to Rules 50, 52 or 59 shall remain pending in the trial court for more than 90 days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-trial motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period."
The property owners' Motion to Dismiss is well taken and it is hereby granted. ARCP 59.1 expressly provides that a post-trial motion is denied after it has been pending ninety days in the trial court, unless extended by the express consent of the parties, which consent must appear of record, or unless extended by the appellate court to which an appeal of the judgment lies. The record in this case is devoid of any expression of consent of the parties to an extension, and no extension has been sought in this court.
The state argues that the ninety-day period referred to in ARCP 59.1 runs from the date set for hearing on a post-trial motion. Its position is that the court having set its motion for new trial for hearing on the 28th of June, it cannot be deemed denied under the rule until ninety days from the date set for hearing, which would be September 27, 1976. We cannot agree. The rule was designed to ". . . remedy any inequities arising from failure of the trial court to dispose of post-trial motions for unduly long periods." Committee Comments, ARCP 59.1. To hold that a motion for new trial is not "pending" under this rule until the date it is set for hearing would defeat the very purpose of the rule. A post-trial motion, like any other motion, is pending as of its filing and until acted upon by the court. In the instant case, the motion was pending as of May 13, 1976. It was denied by operation of ARCP 59.1 as of August 12, 1976. Therefore, the state had forty-two days from August 12, 1976, in which to file its notice of appeal. Rule 4 (a)(1), ARAP.
Also, Justice Faulkner, writing for this court, said in CoosaMarble Co., Inc. v. Whetstone, 294 Ala. 408, 410,318 So.2d 271, 273 (1975):
 "Traditionally, the six months time limit for taking an appeal begins to run from the date of a court order denying a motion for new trial. W.E. Owens Lumber Co. v. Holmes, 277 Ala. 557, 173 So.2d 99 (1965). This tradition was broken when Rule 59.1 A.R.C.P. was adopted. Under Rule 59.1, a motion for new trial shall not remain pending in the trial court for more than 90 days, without the express *Page 484 
consent of all the parties, or unless extended by the appellate court to which an appeal of the judgment lies. A failure of the trial court to dispose of the motion within the 90 days constitutes its denial on the expiration of that period. Here, there was neither express consent of all the parties to extend the time, nor was the time extended by this court. Consequently, the motion was denied by operation of Rule 59.1 on July 10. The appeal period began to run from that date . . ."
This case is no different and Coosa Marble is dispositive of the issue raised by Motion to Dismiss the appeal.
In the instant case, the notice of appeal was not filed until October 19, 1976. Because timely filing of the notice of appeal under Rule 2 (a), ARAP, is jurisdictional and cannot be suspended under Rule 2 (b), ARAP, the appellees' Motion to Dismiss is granted.
APPEAL DISMISSED.
TORBERT, C.J., and MADDOX, FAULKNER and BEATTY, JJ., concur.