354 So.2d 8 (1977)
PERSONNEL BOARD FOR MOBILE COUNTY, Alabama, City of Mobile, a Municipal Corporation, et al.
v.
Gary BRONSTEIN.
Civ. 1181.
Court of Civil Appeals of Alabama.
October 26, 1977.
Rehearing Denied November 30, 1977.
*9 William R. Lauten, Mobile, for City of Mobile.
Mylan R. Engel, Mobile, for Personnel Board of Mobile County.
Donald M. Briskman, Mobile, for appellee.
BRADLEY, Judge.
Appellee, Gary Bronstein, was appointed superintendent of recreation for the City of Mobile on August 19, 1974 and thereafter began a working test period which was to last one year. Prior to the expiration of the one year, the test period was extended for a period of about five months. During the extended test period, appellee was notified by the City that his employment would be terminated at the end of the extended test period. Appellee appealed the dismissal order to the Mobile County Personnel Board. The City then moved the Board to dismiss the appeal. The Board granted the City's motion and dismissed the appeal. Appellee appealed the Board's dismissal order to the Circuit Court of Mobile County. The circuit court after a hearing reversed the Board's dismissal order and remanded the matter to the Board for a hearing on the City's termination of appellee's employment. The City and the Personnel Board appealed that ruling to this court.
After the appeal had been perfected to this court, the appellee filed a motion to dismiss the appeal on the ground that the appeal had not been filed within the time limits required by Rule 4, ARAP, and Rule 59.1, ARCP.
This contention arises from the following set of facts. The original order in this case was rendered by the circuit court on November 10, 1976. The City of Mobile filed a motion for new trial on December 6, 1976. Argument was set for January 7, 1977; however, the matter was taken under submission so that the City could file a brief in support of its motion. On February 28, 1977, eighty-four days after the motion for new trial had been filed, appellee's attorney filed a motion to strike the motion for new trial and requested an oral argument on his motion to strike.
The matter was set for oral argument on March 4, 1977 and counsel for appellee appeared in court on that date. However, the attorney for the City of Mobile was not present due to the serious illness of his wife. Because he could not be present, the City's counsel requested that the matter be continued. Appellee's attorney did not object to nor did he agree to the continuance, and argument was reset for April 8, 1977.
On March 7, 1977, the ninetieth day after the City's motion was filed,[1] appellee's attorney wrote a letter to the City's counsel offering his condolences and informing the attorney for the City that the motions which had originally been set for hearing on March 4 had been reset for argument on April 8, 1977. Although appellee's attorney advised the City's attorney that if April 8, 1977 was inconvenient he (counsel for appellee) would be glad to cooperate in any way he could, at no point in the letter did the appellee's lawyer expressly consent to extend the 90 day period for which post-trial motions may remain pending before a court without being deemed denied. In fact the 90 day period had actually expired on this date without appellee's attorney having expressly consented to any extension of the time period.
*10 Prior to April 8, 1977, the City filed a written brief in support of its motion with the trial court. Appellee's attorney filed a brief in response to the City's brief. However, on April 8, 1977 arguments on appellee's motion to strike the City's motion for new trial were again continued until April 22, 1977. It is unclear if either party requested this continuance since the circuit court's motion docket is the only record which indicates that the matter was delayed until April 22.
Nonetheless, a flood in Mobile, which prevented many lawyers from reaching the courthouse, resulted in yet another delay of the hearing. Thus, because of the flood conditions existing in Mobile on April 22, the hearing was reset for April 28.
On April 28, 1977 the motions of the parties were argued. Six days later on May 4, 1977 the circuit court entered its order which in substance denied the City's motion for a new trial. The Personnel Board's notice of appeal was filed on May 19, 1977 and the City's notice of appeal was filed on June 13, 1977.
From the above recitation of events, it appears that the judge did not rule on the City's motion for new trial until approximately 150 days after that motion was filed. Therefore, by virtue of Rule 59.1, ARCP, the City's motion was deemed denied on the ninetieth day following the filing of the motion, unless the parties expressly consented to the delays. And the time period for filing notice of appeal would, of course, have begun to run as of that ninetieth day. Coosa Marble Co. v. Whetstone, 294 Ala. 408, 318 So.2d 271.
Appellee contends that since neither appellant filed notice of appeal within 42 days of the expiration of the 90 day period, appellee's motion to dismiss this appeal should be granted.
On the other hand, appellants argue that the record before this court indicates that appellee's attorney expressly consented to an extension of the 90 day period and thus the City's motion was not denied until the circuit court actually entered its order of May 4, 1977. On the basis of this argument appellants submit that their notices of appeal were timely and appellee's motion to dismiss the appeal should be denied.
Rule 59.1, ARCP, provides that a motion for new trial shall not remain pending in a trial court for more than 90 days unless all parties expressly consent to extend the time period (or the appellate court to which an appeal of the judgment would lie agrees to extend the time).[2]
Black's Law Dictionary 377 (4th ed. 1968) defines "express consent" as:
"That directly given either [orally] or in writing. It is positive, direct, unequivocal consent, requiring no inference or implication to supply its meaning."
The following definition of "express" is found in Words & Phrases, Vol. 15A, p. 522: "`Express' means `made known distinctly and explicitly, and not left to inference or implication; declared in terms; set forth in words; manifested by direct and appropriate language, as distinguished from that which is inferred from conduct. . . . `"
In the instant case there was no express consent by appellee's attorney to extend the 90 day time period. While counsel for appellee did not expressly object to the extensions and delays which caused the 90 day period to expire, he did not expressly consent to extend the time period for disposing of the City's motion beyond 90 days either. Moreover, Rule 59.1 does not require that a party object to actions by the court which extend the 90 day period. It does, however, in clear and unequivocal language, require a party's express consent to such an extension.
In addition, the delays and extensions which occurred in the present case were not the fault of appellee's attorney. Despite the fact that counsel for appellee filed his motion to strike appellants' motion for new *11 trial 84 days after the latter motion had been filed, the date set for hearing on both parties' motions was March 4, 1977 two days prior to the expiration of the 90 day time limit. However, on March 4 appellants' counsel requested a continuance due to personal problems. Appellee's lawyer assented to this continuance by not objecting to the extension although he was at the courthouse and could have done so. Likewise, appellee's attorney gave further assent to the continuance by his letter of March 7, notifying appellants of the new date for which hearing had been set. Nonetheless, assent alone was not sufficient to extend the 90 day period for statutory denials. The language of Rule 59.1 requires express consent. And the law has long recognized a material distinction between "assent" and "consent," the former meaning passive or submissive conduct while the latter involves positive action. Perryman v. State, 63 Ga.App. 819, 12 S.E.2d 388. In the instant case counsel for appellee did not take positive steps to express in a direct and unequivocal manner that he was willing to extend the 90 day period. Nor did his assent to the continuation of the proceedings constitute a waiver of the requirement of express consent.
By failing to appear at the hearing of March 4, the City's attorney was responsible for the delay which caused the proceedings to extend beyond the 90 day period for statutory denials. And regardless of his reasons or good faith in failing to appear, he should have been cognizant of the fact that despite court-granted delays and extensions, the 90 day period was running and would expire on March 7. As with all time requirements for filing, an affirmative duty is on the lawyer who seeks relief to make sure that his actions are timely. When his actions fail to comply with the proper time limits, the relief sought must be denied unless the law permits an extension of the time limits or excuses his compliance therewith.
When the 90 day period expired on March 7, 1977 only the express consent of appellee's attorney could have extended that time period. Since no express consent was given by counsel for appellee, the City had 42 days from the seventh of March to appeal. No appeal was filed within that time, thus appellee's motion to dismiss appellants' appeal for lack of timeliness must be granted.
Furthermore, appellants contend that their failure to file a timely appeal was the result of excusable neglect. With regard to this contention appellants filed a motion with the trial court on September 6, 1977. In this motion appellants argued that relief should be granted them under Rule 60(b), ARCP. This motion was granted by the circuit court on September 13, 1977 on the ground that all parties had consented within the meaning of Rule 59.1 to extend the time which the City's post-judgment motion for new trial would remain pending in the trial court until the trial court actually entered a judgment on the matter.[3]
An order granting or denying a Rule 60(b) motion presents for review to this court only the correctness of the trial court's order. In this instance we conclude that the trial court was incorrect in granting appellants' motion.
The effect of appellants' motion seeking relief under Rule 60(b) was to extend the time in which appellant was required to file notice of appeal. However, a Rule 60(b) motion is an attack on a judgment. Coosa Marble Co. v. Whetstone, supra. The Rule 60(b) motion does not affect the time in which an appeal must be brought. Coosa Marble Co. v. Whetstone, supra. Thus an order granting a Rule 60(b) *12 motion which would extend the time for appeal and thereby correct a party's failure to file a timely appeal is in error.
Furthermore, the motion in this case was filed more than four months after the order of May 4. Thus, the provision of Rule 60(b) relating to excusable neglect was not met. Nor is 60(b)(6) stating that a party may be relieved of a final judgment for any reason justifying relief from the operation of the judgment applicable in this case. The undisputed facts show that the appellants failed to file a timely appeal due to delays (one of which appellant-City of Mobile sought) which caused the hearing on the parties' motions to exceed the 90 day period in which post-trial motions should be disposed of. Appellants knew (or should have known) that the 90 day period was running during these delays and they were aware (or should have been aware) of the consequences of the expiration of this period. Despite these facts, appellants failed to obtain the express consent of appellee to extend the 90 day period. Because of appellants' failure, the 90 day period expired. Upon expiration of that period appellants' motion was deemed to be denied. And since appellants failed to file notice of appeal within 42 days from the date of the 90 day statutory denial of its then pending motion for a new trial, their appeal must be dismissed. State v. Wall, Ala., 348 So.2d 482.
Appellants' alternative motion that this court grant them relief via Rule 2(b) and Rule 26(b), ARAP, must also be denied. Although appellants contend that Rule 2(b) and Rule 26(b) may be used to reflect that express consent to extend the 90 day time limit of Rule 59.1 was shown in the trial record, no such consent was given by appellee's attorney. To grant appellants' alternative motion under Rule 2(b) and Rule 26(b) would in effect extend their time for filing a notice of appeal a result which both of the aforementioned rules expressly prohibit.
APPEAL DISMISSED.
WRIGHT, P. J., concurs.
HOLMES, J., concurs specially.
HOLMES, Judge (concurring specially).
I must concur in this case. I believe under the law that no other result can be reached by this court. However, I do not believe the drafters of Rule 59.1, ARCP, intended the rule to prevent an appeal in a case such as the instant appeal. Perhaps, in the future some action will be taken to alleviate certain hardships created by this rule.
NOTES
[1] See State v. Wall, 348 So.2d 482 (holding that the 90 day period set out in Rule 59.1 begins to run from the date of filing rather than the date set for hearing of the post-trial motion).
[2] Our supreme court has construed this statement to mean that the motion to extend the time must be filed in the appellate court before the expiration of the 90 day period. Coosa Marble Co. v. Whetstone, 294 Ala. 408, 318 So.2d 271. Such was not the case here.
[3] Appellee submits that the trial court lacked jurisdiction to entertain the Rule 60(b) motion since the matter was already on appeal. We agree.

Rule 60(b) states in part:
". . . Leave to make the motion need not be obtained from any appellate court except during such time as an appeal from the judgment is actually pending before such court. . ."
The record in this case indicates that such leave was neither requested nor granted.