This is a zoning case.
R.S. Crowder appeals from the denial of a motion for rehearing by the Circuit Court of Jefferson County dated March 23, 1981. The Zoning Board of Adjustment of Birmingham has filed a motion to dismiss the appeal on the grounds that it is untimely. We agree with this contention and dismiss the appeal.
We start by noting that this is one of several cases brought by Crowder against the Zoning Board of Adjustment. All of these cases were brought by Crowder because of variances granted by the Zoning Board to a person not a party to this appeal. The Board sought dismissal of all these cases. The present case was dismissed by the Circuit Court of Jefferson County on October 31, 1980. Crowder moved for rehearing on or before November 13, 1980. The motion was set for hearing but was continued several times at Crowder's request. It was not until March 23, 1981 that the trial court finally denied the motion.
The Board has filed a motion with this court to dismiss the appeal, contending that under A.R.C.P. 59.1 a motion which remains in the trial court more than ninety days is considered denied, and the time for appeal runs from the ninetieth day. In this case Crowder's motion for rehearing was made on November 13, 1980. Ninety days from November 13, 1980 would have been February 11, 1981. From this date Crowder had forty-two days to file his appeal. However, he did not file his appeal until April 24, 1981, long after the time limits provided in the rules had run.
This identical issue was addressed in Crowder v. Zoning Boardof Adjustment, 406 So.2d 917 (Ala.Civ.App. 1981). This was a previous case brought by Crowder on the same issues in the zoning of another piece of property. In that case we clearly held that the forty-two day period for appeal began to run from the ninetieth day after the filing of the motion for rehearing.
Rule 59.1 is very specific on this issue. It states:
 No post-trial motion filed pursuant to Rules 50, 52 or 59 shall remain pending in the trial court for more than 90 days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-trial motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period. [Emphasis added.]
Crowder argues that this court can extend the time limits under the rule. It is true that the appellate court can extend the time limits, but only if the motion for extension is filed before the ninety days has run. Coosa Marble Co. v. Whetstone, 294 Ala. 408,318 So.2d 271 (1975). Mr. Crowder failed to file his motion for an extension of time before the expiration of the ninety day period; therefore this court is without authority to extend the time limits of Rule 59.1. Consequently we find this argument to be without merit.
The only other way an extension can be granted is by the express consent of the parties which must appear in the record. In this case the Board never expressly consented to an extension.
Once the other party consents or the appellate court grants an extension, then the trial court can grant further extension for good cause shown. In this case, however, there was no agreement by the parties and no request within the time allowed to the proper appellate court for an extension of time; consequently the trial court was without authority to grant an extension of time.
The only other issues raised in Crowder's motions filed in this court concern substantive *Page 839 
issues about certain facts and evidence which he claims that the trial court failed to consider. Since this appeal was not timely filed, we cannot consider these substantive issues.
The appeal in this case must be dismissed because it was not filed within the time limits specifically provided for in the rules.
APPEAL DISMISSED.
All the Judges concur.