EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a workmen’s compensation case.
The trial court, in substance, granted the employer’s rule 59, A.R.Civ.P., motion thereby altering or amending its prior judgment by drastically reducing the award of compensation to the employee. An appeal was duly taken by the employee who contends that such judgment of the trial court was a nullity since the employer’s post-trial motion had previously been denied by operation of law under the mandate of rule 59.1. We reverse and render.
The short and undisputed facts which are pertinent to the present problem are as follows:
November 20,1981 — The final workmen’s compensation judgment was rendered and entered.
December 8, 1981 — A motion for a new trial and for amendment of the final judgment was filed by the defendant.
December 18, 1981 — The defendant filed its amendment to its motion for a new trial and for amendment of the judgment.
March 10, 1982 — The trial court rendered and entered a judgment which amended its November 20, 1981 final judgment.
The presently applicable portions of rule 59.1 state that no post-trial motion filed pursuant to rule 59 “shall remain pending in the trial court for more than 90 days, ... A failure by the trial court to dispose of any pending post-trial motion within the time permitted hereunder ... shall constitute a denial of such motion as of the date of the expiration of the period.” (Emphasis supplied.)
If the ninety day period is computed from the date of the filing of the original motion on December 8, the March 10 judgment came too late and is void. However, if such period commenced to run as of the filing of the amended motion on December 18, the March 10 judgment was timely and is valid.
A rule 59 motion pends from the date it is filed until it is disposed of either by action of the trial court or by operation of rule 59.1. State v. Wall, 348 So.2d 482 (Ala.1977). Accordingly, the motion here was pending as of December 8 and the ninety day countdown commenced then. The filing of the amendment thereto on December 18 did not extend the time within which the ninety day period started to run. The trial court failed to rule on the motion within ninety days from December 8 and the defendant’s motion, as amended, was automatically overruled as a matter of law by operation of rule 59.1. Thereafter, the trial court was without authority to enter any valid judgment in connection therewith. March 8, 1982 was the ninetieth day that the motion was pending and any judgment rendered thereafter was a nullity and void. Coosa Marble Co., Inc. v. Whetstone, 294 Ala. 408, 318 So.2d 271 (1975); Crenshaw v. Crenshaw, 405 So.2d 38 (Ala.Civ.App.1981).
The employer cites as its principal authority the case of Thompson v. Keith, 365 So.2d 971 (Ala.1978), but we construe both the plurality and the concurring opinions therein to agree that, when the original motion was denied, the amendment was also denied. That reasoning would here mean that the original motion and the amendment thereto were both overruled at the same time by virtue of rule 59.1 since the trial court did not dispose of them within ninety days of December 8, 1981. Any other holding would be an unauthorized extension of the pendency of the motion beyond the *1285 ninety day limit established by rule 59.1. We must accept the rule as it is presently promulgated. We have no authority to alter it or to add to rule 59.1. Such alteration or addition would be essential in order to hold that the ninety day period did not commence until the filing of the December 18 amendment.
Since the trial court’s jurisdiction to render its March 10, 1982 judgment had expired, that judgment was void. Accordingly, we are required to enter a reversal herein and do hereby set aside the March 10, 1982 judgment of the circuit court in this cause as being a nullity and void. Ala.Code § 12-22-70 (1975); Gordon v. Halstead, 283 Ala. 578, 219 So.2d 629 (1969).
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND RENDERED.
All the Judges concur.