430 So.2d 426 (1983)
ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY, etc., and Federated Guaranty Life Insurance Company, etc.
v.
Gerald BOSWELL.
81-1013.
Supreme Court of Alabama.
April 1, 1983.
Joe C. Cassady of Cassady, Fuller & Marsh, Enterprise, for appellants.
Griffin Sikes of Sikes, Johnson, Stokes & Taylor, Andalusia, and Gareth A. Lindsey, Elba, for appellee.
SHORES, Justice.
On August 15, 1979, Gerald Boswell filed suit against Alabama Farm Bureau Mutual Casualty Insurance Company, Alabama Farm Bureau Insurance Service, Federal Guaranty Life Insurance Company, and Southern Farm Bureau Life Insurance Company, claiming damages for the failure *427 of the defendants to pay commissions on policies of insurance produced by the plaintiff as agent for the defendants.
On December 14, 1979, the plaintiff filed a motion to produce computer printouts relating to all policies in force with the defendants coded to the plaintiff (agent number 459).
Defendants Alabama Farm Bureau Mutual Casualty Insurance Company and Federated Guaranty Life Insurance Company filed objections to the plaintiff's motion to produce, alleging that the printout was immaterial to the issues in the case and that "to secure the computer printout would require an undue expenditure of time and money on the part of the Defendant(s)."
The court granted plaintiff's motion to produce, on April 3, 1980, but the defendants did not produce the computer printouts and reported that they were not in the defendants' possession.
The case was tried and all defendants except Alabama Farm Bureau Mutual Casualty Insurance Company and Federated Guaranty Life Insurance Company were dismissed by motion of the plaintiff before the case was submitted to the jury.
The jury returned verdicts in favor of the plaintiff against Federated Guaranty Life Insurance Company in the amount of $49,000 and against Alabama Farm Bureau Mutual Casualty Insurance Company for $1,955.41. Judgment was entered on the jury verdicts on January 7, 1982.
On February 1,1982, the defendants filed motions for judgment notwithstanding the verdict or, in the alternative, for a new trial.
The court entered an order on February 2, 1982, setting the defendants' motions for hearing on February 11, 1982, and held the hearing on that date, but did not rule on the motions. Thus, the defendants' motions for JNOV or a new trial were denied by operation of law on May 3, 1982. Rule 59.1, Alabama Rules of Civil Procedure.
On May 24, defendants filed what they designated an "additional ground for motion for JNOV or, in the alternative, for a new trial," alleging that newly discovered evidence had become available since trial and since the original motion for new trial was filed which proved that the verdict was excessive. To this pleading was attached the affidavit of James Azar, senior vice president of Federated Guaranty Life Insurance Company, in which he stated that the information related to policies sold by the plaintiff (and which information the plaintiff had sought by his motion to produce) had been misplaced and was not located in the defendant's office until after the trial of the case. This information, according to the affidavit, would show that defendant Federated Guaranty Life Insurance Company owed the plaintiff only $7,056.70 at the time of trial, if it owed him anything.
The trial court entered an order on July 13, 1982, denying the defendants' motion for JNOV or for a new trial.
On August 6, 1982, defendants filed a "petition or motion for relief from judgment or order" under Rule 60(b), ARCP. This motion was also supported by the affidavit of James Azar previously filed in support of the additional ground for judgment notwithstanding the verdict. This motion was heard by the court on August 16, 1982, and was denied on August 19, 1982.
The defendants filed a notice of appeal on August 23, 1982, from the judgment of January 7, 1982 (final judgment on the jury verdict), from the court's order of July 13, 1982, denying defendants' motion for new trial, and from the court's order of August 19, 1982, denying the defendants' motion for relief from judgment under Rule 60(b), ARCP.
Plaintiff/appellee filed a motion to dismiss the appeal as to each judgment. The motion is granted as to the appeal from the judgment entered on January 7, 1982, and the court's order entered on July 13, 1982. The motion to dismiss the appeal from the court's order of August 19, 1982, denying defendants' motion for relief under Rule 60(b), ARCP, is denied, and the order of the trial court denying relief under Rule 60(b) is affirmed.
*428 Because the appeal was not taken within forty-two days of May 3, 1982, when the motions for JNOV or for new trial were overruled by operation of law, Rule 59.1, ARCP, it is out of time. Coosa Marble Co., Inc. v. Whetstone, 294 Ala. 408, 318 So.2d 271 (1975). A motion filed pursuant to Rule 59, ARCP, suspends the running of the time for taking the appeal, but not indefinitely. If filed within thirty days of entry of the final judgment, a Rule 59 motion suspends the running of the appeal time, but only until it is ruled on, and, if the trial court does not rule upon the motion within ninety days of its filing, it is automatically denied at the expiration of that period unless extended by the express consent of all the parties, which consent must appear of record. There is nothing in the record before us to extend the ninety-day period of pendency of the Rule 59, ARCP, motion. It was, therefore, denied on May 3, 1982. The notice of appeal filed on August 23, 1982, comes too late and leaves us no alternative except to dismiss the appeal, since, by virtue of Rule 3, Alabama Rules of Appellate Procedure, a timely notice of appeal is jurisdictional in this Court. Holmes v. Powell, 363 So.2d 760 (Ala.1978); Morris v. Merchants National Bank of Mobile, 359 So.2d 371 (Ala.1978).
The defendants' pleading filed on May 24, 1982, attempting to add an additional ground in support of their motions for JNOV or new trial also came too late. First, an amendment to a motion for new trial must be filed within the thirty-day period prescribed by Rule 59 in order to start anew the running of the ninety-day period. Thompson v. Keith, 365 So.2d 971 (Ala.1978). Of course, the trial court has discretion to allow an amendment to a motion for new trial to state an additional ground after thirty days from the final judgment, if the original motion was timely filed and is still before the court when the amendment is offered. Here, however, the original motion for new trial had been overruled by operation of Rule 59.1 long before the new ground was offered, and, thus, the trial court's jurisdiction over the motion for new trial or motion for JNOV was lost. It follows, then, that its order of July 13, 1982, overruling the motion was a nullity, Coosa Marble Co., Inc. v. Whetstone, supra, and the appeal therefrom is due to be, and is, dismissed.
We turn finally to the appeal from the court's order of August 19, 1982, denying relief from judgment under Rule 60(b).
First, we again note that a motion made under Rule 60, ARCP, is an attack on the judgment and does not affect the finality of the judgment or toll the time for appeal. ARCP, Rule 60. An order overruling or denying a motion under Rule 60 is, however, an appealable order, but presents for review only the correctness of the trial court's order on the Rule 60 motion. Sanders v. Blue Cross-Blue Shield of Alabama, 368 So.2d 8 (Ala.1979). The appeal from the trial court's order denying the motion for relief from judgment was timely filed in this case and, thus, the only issue before us is the correctness of the trial court's order denying this motion. The appeal does not present for review the correctness of the final judgment in the case, Gallups v. United States Steel Corp., 353 So.2d 1169 (Ala. Civ.App.1978), and does not allow a review of the matters raised by the motion for new trial.
The defendants' unsuccessful and untimely attempt to add an additional ground for motion for JNOV or for new trial was based upon newly discovered evidence, which had "become available since trial." When that effort failed, they filed the motion for relief from judgment, supported by the identical affidavit purporting to establish a claim for newly discovered evidence. In this motion, they do not refer to newly discovered evidence as being the basis for the motion, but, instead, assert that the affidavit attached to the motion "proves that the judgments in all equity and good conscience cannot stand and is good reason justifying relief from the operation of the judgments."
The reason for this difference in the two motions becomes apparent by reading Rule 60. By the specific provisions of the *429 rule, a motion for relief from judgment based upon Rule 60(b)(2), which requires "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)," must be made not more than four months after the judgment was taken. Assuming, without deciding, that the evidence could not have been discovered by the defendants, and we note that the defendants' motion for post-judgment relief is based upon the identical evidence which was the subject of the plaintiff's motion to produce and which the defendants were ordered to produce, the defendants' motion raising this ground for relief under Rule 60 came too late, and the trial court was correct in overruling it for this reason alone.
The defendants say, however, that the motion was filed pursuant to Rule 60(b)(6), which permits relief from judgment in the discretion of the trial court for "any other reason justifying relief," and which allows a motion to be filed within a reasonable time from entry of judgment. We cannot agree. It is clear from the affidavit that the motion is based upon a claim of newly discovered evidence, and as we said in Hartford Ins. Co. v. Lagano, 394 So.2d 933 (Ala.1981), a Rule 60(b)(6) motion allows a judgment to be set aside for any reason justifying relief. However, this provision operates exclusive of the specific grounds listed in Rule 60(b)(1) through (5), and a party may not escape the time limits of Rule 60(b)(1), (2), and (3) merely by characterizing his motion as a Rule 60(b)(6) motion.
The appeals from the judgments entered on January 7, 1982, and July 13, 1982, are hereby dismissed.
The judgment entered on August 19, 1982, denying the defendants' motion for relief from judgment, is affirmed.
APPEAL DISMISSED AS TO JUDGMENTS OF JANUARY 7, 1982, AND JULY 13, 1982; AFFIRMED AS TO JUDGMENT OF AUGUST 19, 1982.
TORBERT, C.J., and JONES, ALMON and BEATTY, JJ., concur.