RUSSELL, Judge.
Harold Reach and Deborah Taft-Reach filed a complaint, seeking to enjoin D.W. Segars from interfering with their access to their property and with water service to their property and to restrain Segars from harassing and interfering with the Reaches. Segars filed a motion to add Sundance Marina, Inc., as a necessary party. Sun-dance filed a counterclaim asking that the Reaches be enjoined from parking automobiles, holding social gatherings, interfering with water lines, and placing fences on its property. Segars filed a counterclaim against Debbie Reach for defamation.
On September 5, 1989, the trial court issued an order enjoining the Reaches from conducting certain activities on Sundance’s property, ordering the moving of a fence on Sundance’s property, and entering a $10,000 judgment against Debbie Reach for libel against Segars. On October 4, 1989, the Reaches filed a “motion to set aside judgment,” which was denied on December 11,1989. On January 10,1990, they filed a motion to reconsider the denial of the motion to set aside. The court did not rule on this motion. On July 10, 1990, the Reaches filed a “motion for relief of judgment under Rule 60(b).” On October 19, 1990, the trial court denied the 60(b) motion for relief of judgment, stating that it did not have authority to grant the relief requested.
The Reaches appeal, contending that the judgment of the trial court was improper and is due to be set aside because, they say, they were never served with a complaint and were not given the opportunity to defend. We affirm.
We note that this appeal concerns the correctness of the trial court’s judgment in denying the 60(b) motion and does not present for review the September 5, 1989, final judgment. Gallups v. United States Steel Corp., 353 So.2d 1169 (Ala.Civ.App.1978).
In their 60(b) motion the Reaches state that they “assumed that a ruling would be made [on the motion to reconsider the motion to set aside the judgment] and, therefore, did not file additional pleadings within 90 days of the hearing” and “[t]hat the foregoing constitute excusable neglect on the part of the [Reaches] in that had the Court not announced that it was taking the Motion under advisement, thereby indicating a future ruling thereon, the [Reaches] would have filed the necessary Notice of Appeal or other Motions for Relief.” However, we note that the motion to reconsider the motion to set aside the judgment did not reinstate the case for further proceedings and that the judge has no power to reconsider the denial. See Ex parte Dowling, 477 So.2d 400 (Ala.1985), and Alabama Farm Bureau Mutual Casualty Insurance Co. v. Boswell, 430 So.2d 426 (Ala.1983).
*1359 Rule 60(b), A.R.Civ.P. provides, in pertinent part, as follows:
“On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; .... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken.”
(Emphasis supplied.)
The only issue before this court is the correctness of the trial court in denying the 60(b) motion. A motion for relief from the judgment based on excusable neglect under Rule 60(b)(1) must be made not more than four months after the judgment. Rule 60(b). See Alabama Farm Bureau, 430 So.2d 426. Here the 60(b) motion was filed by the Reaches on July 10, 1990, some ten months after the entry of the trial court’s September 1989 judgment. Clearly, the 60(b) motion was filed too late, and the trial court was correct in denying the motion.
The trial court’s judgment is due to be affirmed.
Segars has requested an attorney’s fee for representation on appeal. He cites no authority for granting an attorney’s fee in this case, and we know of none; therefore, the request is denied.
AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., concurs in result only.