I agree to remand this case to the trial court, although not for the reason stated by the majority. Based on the record certified to this Court, which contains no indication of an express agreement between the prosecutor and the defendant or the defendant's counsel to carry the motion past the sixtieth day to a date certain, I would remand this case for the trial court to conduct another evidentiary hearing on the motion for a new trial in accordance with the Alabama Supreme Court's opinion in Edgarv. State, 646 So.2d 683 (Ala. 1994), a case materially indistinguishable from the present case.
Furthermore, I note that to the extent the majority may be instructing the trial court to "consider the parties' implied consent, that is, their failure to object to the untimeliness of the hearing, as evidence of their express consent to carry the motion for a new trial past the sixtieth day," 879 So.2d at 613, such an instruction cannot be reconciled with the plain language of Rule 24.4, Ala.R.Crim.P. See Personnel Bd. for Mobile Countyv. Bronstein, 354 So.2d 8 (Ala.Civ.App. 1977), in which the Court of Civil Appeals discussed the "express consent" requirement of Rule 59.1, Ala.R.Civ. P., and Black's LawDictionary 305 (6th ed. 1990), defining "express consent" as "[t]hat directly given, either viva voce or in writing. . . . positive, direct, unequivocal consent, requiring no inference or implication to supply its meaning."[3] See also Harrisonv. Alabama Power Co., 371 So.2d 19, 20-21 (Ala. 1979) ("The consent or assent to a continuance of a hearing does not satisfy the requirement that the record show the parties' expressconsent to an extension of the 90-day period" under Rule 59.1.).
[3] "Express consent" is defined in Black's Law Dictionary
300 (7th ed. 1999), as "[c]onsent that is clearly and unmistakably stated" as contrasted with "implied consent" — "[c]onsent inferred from one's conduct rather than from one's direct expression." *Page 1129