Jerry E. and Charlotte Flannigan filed a petition for permission to appeal the Montgomery Circuit Court's denial of their motion to dismiss an appeal to that court from the Montgomery Probate Court. This Court granted the petition to address one legal issue: Whether in a case involving *Page 768 
the removal by the probate court of an administrator from a decedent's estate, the seven-day appeal period of § 12-22-21(3), Ala. Code 1975, can be tolled by a "motion for reconsideration" filed after the seven days have expired. We reverse the judgment of the trial court and remand the case for that court to dismiss Jordan's appeal.
 Facts
On November 9, 2001, Jeffrey Flannigan was killed on the job while working as a high-voltage electrician in Mississippi. On that same day, the appellants, Jeffrey's parents, Jerry and Charlotte Flannigan ("the Flannigans"), were appointed guardians of Jeffrey's only daughter, Erin-Lea Flannigan, by the Circuit Court of Escambia County, Florida, where the Flannigans and Erin-Lea reside. On November 10, 2001, Lynn Jordan petitioned to be appointed as administratrix of Jeffrey's estate on the basis that she was Jeffrey's common-law wife at the time of his death. The Montgomery County Probate Court granted letters of administration to Jordan on November 19, 2001. On November 30, 2001, Jordan filed a civil action on Jeffrey's behalf in Mississippi against Jeffrey's employer seeking damages for Jeffrey's death.
On February 1, 2002, the Flannigans, as guardians of Erin-Lea Flannigan and as personal representatives of Jeffrey's estate,[1] petitioned the Montgomery County Probate Court for the removal of Jordan as administratrix of Jeffrey's estate, asserting three separate grounds for her removal. On May 14, 2002, the Montgomery County Probate Court held a hearing and heard testimony on the Flannigans' petition. On May 30, 2002, without specifying the grounds, the Probate Court of Montgomery County granted that petition and removed Jordan as administratrix of Jeffrey's estate. On June 12, 2002, Jordan filed a "motion for reconsideration or, in the alternative, motion for clarification" of the probate court's order, seeking to learn which of the three grounds argued by the Flannigans was the basis for the order removing her as administratrix. The probate court denied that motion on June 17, 2002, and Jordan appealed to the Montgomery Circuit Court on June 21, 2002.
The Flannigans filed a motion in the Montgomery Circuit Court to dismiss Jordan's appeal as untimely because it was not filed within seven days of the date of the probate court's order removing Jordan as administratrix, i.e., May 30, 2002, see § 12-22-21(3), thus depriving the Montgomery Circuit Court of subject-matter jurisdiction over the appeal. After a hearing on that motion on September 11, 2002, the Montgomery Circuit Court denied the Flannigans' motion and certified its order for an interlocutory appeal under Rule 5, Ala.R.App.P. This Court granted the Flannigans' petition for permission to appeal on October 11, 2002.
 Standard of Review
We will review the issue of subject-matter jurisdiction even when the issue was not raised in the lower court because "[t]he question of jurisdiction is always fundamental." Mobile Gulf R.R. v. Crocker,455 So.2d 829, 831 (Ala. 1984).
 "[I]f there is an absence of jurisdiction over either the person, or the subject matter, a court has no power to act, and jurisdiction over the subject matter cannot be created by waiver or consent. Rinehart, etc. v. Reliance Life Ins. Co. of Georgia, 272 Ala. 93, 128 So.2d 503 *Page 769 
[(Ala. 1961)]. Absence of jurisdiction over the subject matter ends all inquiry, and the matter may be raised on appeal."
Norton v. Liddell, 280 Ala. 353, 356, 194 So.2d 514, 517 (1967). See alsoTalton Telecomm. Corp. v. Coleman, 665 So.2d 914, 916-18 (Ala. 1995). We are also not limited to any specific matters within the pleadings but may review the entire record certified to this Court on appeal. Mobile Gulf R.R., 455 So.2d at 832.
 Analysis
The Flannigans state three bases for their argument that the circuit court lacked subject-matter jurisdiction of Jordan's purported appeal of her removal as administratrix. First, they argue that Jordan did not appeal the probate court's order removing her as administratrix; she appealed from the order denying her "motion for reconsideration or, in the alternative, motion for clarification." Second, they argue that Jordan's appeal was untimely in light of § 12-22-21(3), Ala. Code 1975, because she filed it with the circuit court on June 21, 2002, well beyond seven days after the entry on May 30, 2002, of the probate court's order removing her as administratrix. Third, they argue that Jordan's "motion for reconsideration or, in the alternative, motion for clarification," filed on June 12, 2002, was not a motion filed pursuant to Rule 59(e), Ala.R.Civ.P., to alter, amend, or vacate the judgment and therefore did not toll the seven-day appeal period of § 12-22-21(3). Because of our rationale in resolving the issue presented, we need not address the question whether Jordan's "motion to reconsider" was in fact a Rule 59(e) motion. Nor need we answer the question whether Jordan in fact appealed from the May 30 order removing her as administratrix or from the June 17 order denying her "motion to reconsider".
Jordan claims that the Alabama Rules of Civil Procedure apply to her appeal and that she had 30 days from the entry of the probate court's order removing her as administratrix within which to file her "motion for reconsideration or, in the alternative, motion for clarification." She argues that her motion was in substance a Rule 59(e), Ala.R.Civ.P., motion that must be filed within 30 days of the judgment and that her filing of that motion suspended the time for filing an appeal to the circuit court, making that appeal timely. However, neither of these arguments makes any difference whatsoever in this case. Even if we agreed with her arguments that the Alabama Rules of Civil Procedure applied and that her motion was a Rule 59(e) motion, it is logically impossible for her motion to have tolled a limitations period that had already passed when the motion was filed.
The Alabama Legislature has established the time in which a removed administratrix may appeal her removal by the probate court:
 "Appeal from the order, judgment or decree of the probate court may be taken by the party aggrieved to the circuit court or Supreme Court in the cases hereinafter specified. Appeals to the Supreme Court shall be governed by the Alabama Rules of Appellate Procedure, including the time for taking an appeal. Appeal to the circuit court in such cases shall be within the time hereinafter specified:
". . . .
 "(3) Upon any decree, judgment or order removing an executor or administrator, in which case the appeal must be taken within seven days after such decree, judgment or order."
§ 12-22-21(3), Ala. Code 1975.
An appeal is not a vested right but rests on statutory grounds.Greystone *Page 770 Close v. Fidelity Guar. Ins. Co., 664 So.2d 900, 902
(Ala. 1995); Echols v. Star Loan Co., 290 Ala. 76, 79, 274 So.2d 51, 53
(1973), citing Stone v. Lewin, 8 Ala. 395 (1845); Burgess v. State Dep'tof Indus. Relations, 637 So.2d 1366, 1368 (Ala.Civ.App. 1994) ("It is well settled that an appeal is not a matter of vested right but is by the grace of statute and must be perfected pursuant to the time and manner prescribed in the controlling statute."). A court must dismiss an appeal for lack of jurisdiction if a party does not appeal within the time prescribed by statute. Spina v. Causey, 403 So.2d 199, 201 (Ala. 1981);Dodd v. Carnes, 207 Ala. 367, 92 So. 428 (1922); Ex parte Thrailkill,543 So.2d 1201, 1202 (Ala.Civ.App. 1989).
Section 12-22-21(3), supra, states that from "any decree, judgment or order removing an executor or administrator . . . the appeal must be taken within seven days." The probate court issued its order on May 30, 2002; Jordan had until June 6, 2002, to file an appeal with the circuit court. Jordan did not file her motion or her notice of appeal until after June 6, 2002. Therefore, Jordan's appeal was untimely.
The meaning of the word "toll" with respect to the running of a time period is to "stop the running of; to abate." Black's Law Dictionary 1495 (7th ed. 1999). Logically, one cannot toll a limitations period that has already expired, and we are unaware of any authority or principle governing the tolling of a statutory period of limitations that would allow a party to file a postjudgment motion after the last day of the limitations period has passed. See Coosa Marble Co. v. Whetstone,294 Ala. 408, 410-11, 318 So.2d 271, 273 (1975); Hicks v. Cornelius,446 So.2d 647, 649 (Ala.Civ.App. 1984); Crowder v. Zoning Bd. ofAdjustment, 409 So.2d 837, 838 (Ala.Civ.App. 1981). Even if the Alabama Rules of Civil Procedure applied to an appeal of this kind, those rules would have limited application and Jordan still would have had to file her notice of appeal before the seven-day period had expired.
The trial court compared Jordan's motion to a § 12-13-11, Ala. Code 1975, motion, which allows a motion for a new trial in the probate court. But Jordan did not ask for a new trial in her motion, and she never characterized the motion as anything other than a Rule 59(e) motion to alter, amend, or vacate the judgment of the probate court. In its order denying the Flannigans' motion to dismiss, the Montgomery Circuit Court stated that Jordan's motion for reconsideration was in substance a Rule 59(e) motion filed within 30 days of the probate court's judgment; therefore, the court reasoned, the motion tolled the running of the seven-day limitations period for appealing such an order. The circuit court erred in determining that Jordan's motion was a motion for a new trial and in determining that a motion, whether for a new trial or not, could toll a limitations period that had already passed.
 Conclusion
The trial court erred in determining that a motion filed after the expiration of the limitations period for filing an appeal can toll the running of that limitations period. Jordan's motion was filed after the seven-day limitations period of § 12-22-21(3), Ala. Code 1975, had expired. Therefore, Jordan's notice of appeal was untimely, and the trial court lacks subject-matter jurisdiction to review the case. We reverse the interlocutory order denying the Flannigans' motion to dismiss the appeal and remand the case for the trial court to dismiss the appeal in accordance with this opinion.
REVERSED AND REMANDED. *Page 771 
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
WOODALL, J., concurs in the result.
[1] A Florida court had appointed the Flannigans as personal representatives of Jeffrey's estate.