I concur in the main opinion. Had the parties' June 8, 2007, motion sought an open-ended extension of time for the trial court to rule on the husband's post-judgment motion, rather than merely an extension to a date certain (i.e., July 12, 2007), the trial court would have had the discretion to grant such a motion for good cause. See Crowder v. Zoning Bd. of Adjustment ofBirmingham, 409 So.2d 837, 838 (Ala.Civ.App. 1981). However, because the parties sought and were granted more limited relief from the operation of Rule 59.1, Ala. R. Civ. P., the postjudgment motion was denied by operation of law as of July 12, 2007, the date specified in the motion for an extension, because the trial court did not expressly rule on the husband's postjudgment motion on or before that date. *Page 755