50 So.3d 1096 (2010)
C.M.K.
v.
E.D.K.
2090187.
Court of Civil Appeals of Alabama.
May 21, 2010.
C.M.K., pro se.
Submitted on appellant's brief only.
PER CURIAM.
On May 14, 2009, E.D.K. filed separate petitions in the Madison Probate Court ("the probate court") seeking to adopt D.R.K. and T.A.K. ("the children"). In his petitions, E.D.K. alleged that he had been married to the children's mother, T.R.K. ("the mother"), since November 2006, that the children's father, C.M.K. ("the father"), had abandoned the children, and that the father "is on the run from the law and his whereabouts are unknown and cannot be ascertained after reasonable efforts." The mother filed documents in which she consented to E.D.K.'s adoption of the children.
*1097 On May 15, 2009, the probate court entered a temporary order placing custody of the children with the mother and E.D.K. pending a dispositional hearing. The father was served with notice by publication, see Rule 4.3(d), Ala. R. Civ. P., of the pending adoption proceedings. On August 11, 2009, the probate court entered two separate judgments granting E.D.K.'s petitions and approving the adoptions.
On November 9, 2009, the father filed in this court a document indicating that he intended to appeal the probate court's August 11, 2009, judgments; this court transferred that notice of appeal to the probate court for it to be filed in that court.
A notice of appeal from a probate-court judgment allowing an adoption must be filed within 14 days of the date of the judgment. § 26-10A-26(a), Ala.Code 1975 ("Appeals from any final decree of adoption shall be taken to the Alabama Court of Civil Appeals and filed within 14 days from the final decree."); Ex parte A.M.P., 997 So.2d 1008, 1013 n. 3 (Ala.2008) (concluding that an appeal filed within 14 days of the denial by operation of law of a postjudgment motion taken in reference to an adoption judgment was timely filed). The father was required to file a notice of appeal by August 25, 2009, the 14th day following the entry of the August 11, 2009, adoption judgments. The earliest date on which the father could be said to have "filed" his notice of appeal is November 9, 2009, the date on which he erroneously submitted his notice of appeal to this court. Thus, it is clear that the father's appeal of the adoption judgments was made well outside the 14 days allowed by § 26-10A-26(a), Ala.Code 1975. An untimely appeal must be dismissed. Rule 2(a)(1), Ala. R.App. P. ("An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court."); see also Flannigan v. Jordan, 871 So.2d 767, 770 (Ala.2003) ("A court must dismiss an appeal for lack of jurisdiction if a party does not appeal within the time prescribed by statute."). Accordingly, we dismiss the father's appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.